UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AXIOM WORLDWIDE, INC.,
a Florida corporation,

      Plaintiff,

                                  CASE NO.

vs.


HTRD GROUP HONG KONG LIMITED a/k/a
HTRD GROUP HONG KONG LIMTED, INC.;
RYZUR MEDICAL, INC.;
RYZUR MEDICAL GROUP;
RYZUR MEDICAL INVESTMENT CO., LTD;
EXCITE MEDICAL CORP;
EXCITE DIAGNOSTICS, LLC;
ELTECH USA, LLC;
DAVID REN; SALEEM N. MUSALLAM;
ANDREW DEWEERD,

      Defendants.

_____/

## VERIFIED COMPLAINT

Plaintiff, Axiom Worldwide, Inc., a Florida corporation ("Plaintiff" or "Axiom Inc"),

sues HTRD Group Hong Kong Limited, a foreign company doing business in Florida as HTRD

Group Hong Kong Limited, Inc. ("HTRD"); Ryzur Medical, Inc., a foreign corporation doing

business in Florida ("Ryzur Medical"); Ryzur Medical Group, a foreign business entity doing

business in Florida ("Ryzur Group"); Ryzur Medical Investment Co, LTD, a foreign limited

liability company doing business in Florida ("Ryzur Medical Investment")(Ryzur Medical,

Ryzur Group and Ryzur Medical Investment are collectively "Ryzur"); Excite Medical Corp., a

Florida corporation ("Excite Medical"); Excite Diagnostics, LLC, a Florida limited liability

company ("Excite Diagnostics"); Eltech, USA, LLC, a foreign limited liability company doing

business in Florida; David Ren, individually ("Ren"); Saleem N. Musallam, individually

("Musallam"), and; Andrew Deweerd, individually ("Deweerd"), (HTRD, Ryzur, Excite Medical, Excite Diagnostics, Ren, Musallam and Deweerd are collectively the "Defendants") and for its causes of action states:

**Jurisdiction**

1.    This is an action for declaratory and ancillary relief including preliminary and permanent injunctive relief and damages in excess of $150,000.00. This Court has jurisdiction pursuant to Title 28, United States Code, Sections 1331, 1338, 1367, the Federal Declaratory Judgment Act, Title 28, United States Code, Sections 2201 and 2202, the laws of the United States relating to Trademarks, Trade names, Unfair Competition and Copyrights including those under Title15, United States Code, Sections 1114, 1116, 1120, 1121, 1125 and Title 17, United States Code, Section 501 et seq. together with supplemental and ancillary jurisdiction pursuant to Title 28, United States Code, Section 1367 and the Florida law relating to Trademarks, Trade names, Unfair Competition, Restrictive Covenants and Trade Secrets including those arising under Sections 495.131, 542.335, 688.01 et seq. and 812.012, et seq. Florida Statutes (2011) and the Florida Common Law.  There is a justifiable controversy between the Plaintiff, Axiom Inc, and the Defendants regarding the ownership and rights of the Trade Secrets, Trademarks, Registered Marks, Trade names including: Axiom Worldwide™; the Axiom Worldwide (design logo)™; DRX™; DRX9000™; Better Technology, Better Health™; (hereinafter "Trademarks"), the copyrights to the designs and drawings of the products marketed under the Trademarks and component parts thereof, together with content appearing on the Defendants' internet website www.axiomworldwide.co (not .com), the rights associated with ownership of those marks, copyrights, and other Trade Secrets, as well as the rights of the parties under the restrictive covenants running in favor of Axiom Inc under the parties "Confidentiality Agreement"—which

2

the Defendants, Saleem N. Musallam and Andrew Deweerd have admitted, under oath, continue to be binding upon them. The Trade Secrets, as more particularly defined below, together with the Trademarks, Copyrights and the restrictive covenants and other provisions of the Confidentiality Agreements with the Defendants are hereinafter referred to as the "Intellectual Property."

### Venue

2.      Venue in proper in the Middle District of Florida pursuant to Title 28, United States Code, Section 1391 because the Middle District of Florida is a judicial district where a majority of the defendants reside and because it is a judicial district in which a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred, or a substantial part of property that is the subject of the action is situated.

### Parties

3.      Axiom Inc is a Florida corporation with its principal place of business located in Tampa, Hillsborough County, Florida. James Gibson is the President and CEO of Axiom Inc. Axiom Worldwide, Inc. owns the Intellectual Property at issue in this case and is also the holder of several US FDA 510(k)s for their medical devices that were sold in interstate commerce and globally. The first 510(k) ever issued to Axiom Inc was K # 01092 on May 1st, 2001 and the last issued was K # 060735 on May 26th, 2006. Copies of the Axiom Inc. 510(k)s are attached hereto as part of Composite Exhibit A.

4.      HTRD Group Hong Kong Limited, is a foreign company doing business in Florida as HTRD Group Hong Kong Limited, Inc. ("HTRD"). HTRD is a company believed to be owned and controlled by David Ren, a citizen of the Peoples Republic of China, and together with its US Agent, Mr. Saleem Musallam (Musallam), has committed fraud on the US Patent and

3

Trademark office. HTRD provided false and misleading information to the USPTO, all in an effort to steal the legally owned Trademarks of Axiom Inc. HTRD continues to cause confusion in the marketplace and continues to violate the protected territories of several Axiom Inc exclusive distributors, specifically in China, Korea and Russia and has circulated false and misleading information to other international distributors of Axiom Inc. HTRD, through the illegal use of Axiom Inc 510(k)'s, Trademarks and other Intellectual Property, continues to cause confusion in the marketplace and continues to put at risk Axiom Inc., its former employees, distributors, unsuspecting buyers in the medical marketplace and the general public by HTRD's unauthorized and illegal construction and sale of adulterated medical devices which are being marketed as Axiom Inc. devices.

5.     Ryzur Medical, Inc. is a foreign corporation doing business in Florida and other parts of the world ("Ryzur Medical"). Ryzur Medical is a company believed to be owned and controlled by David Ren, a citizen of the Peoples Republic of China, and has utilized the false and misleading information provided to the US Patent and Trademark office and the Trademarks that are legally owned by Axiom Inc. Ryzur Medical continues to cause confusion in the marketplace and continues to violate the protected territories of several Axiom Inc exclusive distributors, specifically in China and Russia and has circulated false and misleading information to other international distributors of Axiom Inc. Ryzur Medical has benefited through HTRD and Musallam's fraud on the USPTO, through the illegal use of Axiom Inc 510(k)'s, Trademarks and other Intellectual Property and continues to put Axiom Inc, its former employees, unsuspecting buyers in the medical marketplace and the general public at risk due to the unauthorized and illegal construction and/or sale of adulterated medical devices which are being marketed as Axiom Inc. devices.

6.     Ryzur Medical Group is a foreign business entity doing business in Florida ("Ryzur Group") and other parts of the world. Ryzur Group is a company believed to be owned and controlled by David Ren, a citizen of the Peoples Republic of China, has benefited through HTRD and Musallam's fraud on the USPTO, and has utilized the false and misleading information provided to the US Patent and Trademark office as well as the Trademarks that are legally owned by Axiom Inc. Ryzur Group continues to cause confusion in the marketplace and continues to violate the protected territories of several Axiom Inc exclusive distributors, specifically in China and Russia and has circulated false and misleading information to other international distributors of Axiom Inc. Ryzur Group, through the illegal use of Axiom Inc 510(k)'s, Trademarks and other Intellectual Property, continues to put Axiom Inc, its former employees, unsuspecting buyers in the medical marketplace and the general public at risk due to the unauthorized and illegal construction and/or sale of adulterated medical devices which are being marketed as Axiom Inc. devices.

7.     Ryzur Medical Investment Co, LTD is a foreign limited liability company doing business in Florida ("Ryzur Medical Investment") and other parts of the world. Ryzur Group is a company believed to be owned and controlled by David Ren, a citizen of the Peoples Republic of China, has benefited through HTRD and Musallam's fraud on the USPTO, and has utilized the false and misleading information provided to the US Patent and Trademark office and the Trademarks that are legally owned trademarks of Axiom Inc. Ryzur Medical Investment continues to cause confusion in the marketplace and continues to violate the protected territories of several Axiom Inc exclusive distributors, specifically in China and Russia and has circulated false and misleading information to other international distributors of Axiom Inc. Ryzur Medical Investment through, the illegal use of Axiom Inc 510(k)'s, Trademarks and other Intellectual

Property, continues to put Axiom Inc, its former employees, unsuspecting buyers in the medical marketplace community and the general public at risk due to the unauthorized and illegal construction and/or sale of adulterated medical devices which are being marketed as Axiom Inc. devices.

8.     Excite Medical Corp. is a Florida corporation with its principal place of business in Tampa, Hillsborough County, Florida ("Excite Medical"). Excite Medical is a company believed to be owned and controlled by Mr. Saleem Musallam, a citizen of the USA who resides in Hillsborough County Florida. Musallam is the US Agent for HTRD and serves other interests for David Ren. Excite has benefited through HTRD and Musallam's fraud on the USPTO. Excite Medical is currently utilizing illegally obtained Intellectual Property of Axiom Inc. Excite Medical continues to cause confusion in the marketplace and continues to violate the protected territories of several Axiom Inc exclusive distributors, specifically in China, Korea and Russia and has circulated false and misleading information to other international distributors of Axiom Inc. Excite, through the illegal use of Axiom Inc 510(k)'s, Trademarks and other Intellectual Property, continues to put Axiom Inc, its former employees, unsuspecting buyers in the medical marketplace community and the general public at risk due to the unauthorized and illegal construction and/or sale of adulterated medical devices which are being marketed as Axiom Inc. devices.

9.     David Ren in an individual and former sales agent for Axiom Inc. David Ren was an employee of Ms Li Jing, the principal of a Chinese partner company that continues to have the exclusive rights to Axiom Inc's products in China. Ren, together with Nicholas Exarhos ("Exarhos"), a former Executive Vice President of Axiom Inc. who acted as the sales and marketing director and was solely responsible for international sales of Axiom Inc, conspired to

withhold sales to the detriment of Axiom Inc and the Chinese partner company all in violation of the exclusive business arrangement Axiom Inc has with the Chinese partner company. David Ren and Exarhos conspired to create the various Ryzur, HTRD and Excite entities and establish an illegal manufacturing facility in China to generically produce Axiom Inc products utilizing stolen Intellectual Property from Axiom Inc. David Ren and Exarhos, through various entities and individually, illegally misrepresented and utilized Axiom Inc 510(k)'s, Trademarks and other Intellectual Property of Axiom Inc. Ren, in concert with Exharos and through various entities and individually, continues to put Axiom Inc, its former employees, unsuspecting buyers in the medical marketplace community and the general public at risk due to the unauthorized and illegal construction and/or sale of adulterated medical devices which are being marketed as Axiom Inc. devices. Ren and Exarhos continue to utilize the services of Mr. Musallam and Andrew Deweerd to further violate the use of Axiom Inc. 510(k)s, Trademarks and other Intellectual Property belonging to Axiom Inc.

10.    Saleem N. Musallam is a former Axiom, Inc. employee and an individual residing in Hillsborough County, Florida. Mr. Musallam has recently testified under sworn testimony that he executed a standard confidentiality agreement while an employee of Axiom Inc and that he has never been released from its restrictive covenants. Mr. Musallam aided in the Fraud of HTRD, Eltech, USA, LLC, David Ren and his associated business entities. Musallam provided verified and signed false and misleading information to the US Patent and Trademark office, all in an effort to steal the legally owned Trademarks of Axiom Inc. Musallam, through the illegal use of Axiom Inc 510(k)'s, Trademarks and other Intellectual Property of Axiom Inc. continues to put Axiom Inc, its former employees, unsuspecting buyers in the medical marketplace and the

general public at risk due to the unauthorized and illegal construction and/or sale of adulterated medical devices which are being marketed as Axiom Inc. devices.

11.    Eltech, USA, LLC ("Eltech") is a foreign limited liability company doing business in Florida and other parts of the world, specifically Russia and Germany. Mr. Ilya Marder ("Marder") is the President of Eltech, whose USA office is in New York. Excite has conspired with Eltech to infringe on Axiom Inc's foreign partner in Russia through the unauthorized and illegal use of Axiom Inc.'s Intellectual Property, including but not limited to 510(k)s and Trademarks. OOO Axioma is the Russian company with the legal rights to Axiom Inc's 510(k)s, Trademarks, Intellectual Property and products related to same. Eltech, through assistance from, and in concert with, Excite, has illegally constructed and shipped machines into Russia by circumventing the rights of OOO Axioma by sending the machines first to Germany and then bringing the machines into Russia illegally to both Axiom Inc's detriment and OOO Axioma. Eltech through the illegal importation and use of Axiom Inc 510(k)s, Trademarks and other Intellectual Property, continues to put Axiom Inc, its former employees, unsuspecting buyers in the medical marketplace and the general public at risk due to the unauthorized and illegal construction and/or sale of adulterated medical devices which are being marketed as Axiom Inc. devices.

12.    Andrew DeWeerd ("DeWeerd") is an individual residing in Pinellas County, Florida. DeWeerd is an engineer and a former Axiom, Inc. employee who executed a standard confidentiality agreement while an employee of Axiom Inc and recently testified under oath that he has never been released from the agreement's restrictive covenants. DeWeerd is currently working with a company called Psoria Shield with other former Axiom Inc employees who also executed a standard confidentiality agreement while an employees of Axiom Inc and may have

never been released from its restrictive covenants. DeWeerd aided in the Fraud of HTRD, the Ryzur entities, the Excite entities and Eltech, by assisting them in the purchasing of parts and providing Axiom Inc.'s proprietary computer software source code to HTRD, the Ryzur entities, the Excite entities, Eltech, Ren and/or Musallam. DeWeerd continues to aid HTRD, the Ryzur entities, the Excite entities, Eltech, Ren and/or Musallam, through the illegal use of Axiom Inc 510(k)s, Trademarks and other Intellectual Property and continues to put Axiom Inc, its former employees, unsuspecting buyers in the medical marketplace and the general public at risk due his acting in concert with HTRD, the Ryzur entities, the Excite entities, Eltech, Ren and/or Musallam to due to the unauthorized and illegal construction and/or sale of adulterated medical devices which are being marketed as Axiom Inc. devices.

### Common Factual Allegations Giving Rise To The Plaintiff's Claims

13.     Axiom Inc developed, manufactured and sold medical products all over the world. Their flagship product was the DRX9000™, a device that treats back pain. Later Axiom Inc developed a similar appliance for the treatment of neck pain and it was either marketed or sold as the DRX9000C ™or DRX9500™.

14.     Axiom Inc expended significant resources in the developing and distributing machines worldwide in the medical community marketplace. Included in these costs was the registration of US Trademarks:

| Trademark Name | Filing Date | Serial No. |
|---|---|---|
| A. Axiom Worldwide Logo | June 28, 2003 | 76533071 |
| B. DRX 9000 | July 28, 2003 | 76533070 |
| C. Better Technology… | August 11, 2003 | 76536333 |
| D. Axiom Worldwide | June 4, 2004 | 76595705 |

E.  DRX                           March 9, 2005          78583889

Copies of the Trademarks are attached hereto as part of Composite Exhibit A.

15.     Axiom Inc entered into various exclusive marketing arrangements with foreign distributors that not only allowed them to have a protected territory but permitted the foreign distributors the use of its Trademarks, 510(k)s and other Intellectual Property.

16.     Axiom Worldwide, LLC ("Axiom, LLC") was an entity established on December 29, 2005. Axiom, LLC was established in connection with a proposed sale of all of the assets of Axiom Inc to a group of investors. Axiom, Inc. did transfer certain assets to Axiom LLC as reflected in the executed Warranty Bill of Sale and the Promissory Notes associated with the transaction. Significantly, however, the sale to investors was never consummated and while certain physical material assets were transferred, no Intellectual Property assets or 510(k)s were transferred by Axiom Inc to Axiom, LLC. A copy of the Warranty Bill of Sale is attached hereto as Exhibit B.

17.     Axiom Inc has never executed any assignments of any of their Trademarks, Intellectual Property or FDA 510(k) clearances.

18.     One of the substantial elements, and required by federal law, to an FDA 510(k) application is the "Truthful and Accuracy Statement." This statement is a required element for many reasons. One such reason is that in the event of sale of a company's assets, where the sale were to include a 510(k), the signers of the "Truthful and Accuracy Statement" would customarily sign a statement to the new owners that they agree with the transfer and that the device could continue to be manufactured, marketed and sold in accordance with the federal law surrounding that particular 510(k). To date, no such authority has been given to HTRD, Ryzur, Excite Medical, Eltech, Ren, Musallam or Deweerd.

19.     Following the creation of Axiom LLC, both Axiom Inc and Axiom LLC became embroiled in a myriad of litigation fronts from competitors and regulatory bodies alike, including but not limited to, the federal civil action styled *North American Medical Corporation v. Axiom Worldwide, Inc., Axiom Worldwide, LLC et al.*, Case No. 1:06-CV-1678-JEC, United States District Court For The Northern District of Georgia, Atlanta Division (hereinafter "Atlanta Federal Case").

20.     The Atlanta Federal Case was initially filed on July 14, 2006. After substantial litigation took place between July 14, 2006 and January 27, 2009, non-party Axiom LLC filed a counterclaim against Plaintiff North American Medical Corporation on January 27, 2009.

21.     In response, Plaintiff North American Medical Corporation moved for summary judgment on November 20, 2009.

22.     On June 25, 2010, U.S. District Court Judge presiding over the Atlanta Federal Case entered an order which, in part, granted summary judgment to North American Medical Corporation as portions of non-party Axiom LLC's counterclaims. The June 25, 2010 Order [Dkt. #846], specifically stated:

> In Count I of its counterclaim, Axiom LLC asserts a claim against Plaintiff [North American Medical Corporation] for trademark infringement. (Counterclaim [511] at ¶¶ 75-79.) In support of this claim, Axiom LLC contends that Plaintiff used Axiom Inc.'s registered trademarks as meta-tags on plaintiff's website. (*Id.*) Consequently, according to Axiom LLC, potential customers were misled as to plaintiff's identity, and misdirected to plaintiff's website. (*Id.*)
>
> In order to have standing to assert a trademark infringement claim, a party must show that it owns the trademark in question....Axiom LLC cannot meet this requirement. The records of the United States Patent and Trademark Office indicate that Axiom Inc. still owns the trademarks at issue. (Pl.'s Statement of Material Facts ("PSMF") [689] at ¶11.) Moreover, the 2007 Warranty Bill of Sale did not, by its terms, transfer Axiom Inc.'s trademarks, or any intellectual property rights, to Axiom LLC.₁ (Id. at ¶5.) [The transfer was expressly limited to "raw materials inventory, finished goods inventory, computer equipment, leasehold improvements, machinery, equipment, furniture, fixtures and goodwill."

(PSMF [689] at ¶5.)] Accordingly, plaintiff's motion for summary judgment on Count I of Axiom LLC's counterclaim is GRANTED.

* * *

Moreover, the 2007 Warranty Bill of Sale did not by its terms transfer any rights in ... any ... contractual rights, to Axiom LLC. (PSMF [689] at ¶5.) Accordingly, plaintiff's motion for summary judgment on Count III of Axiom LLC's counterclaim is GRANTED.

*See* June 25, 2010 Order [Dkt. #846] entered in the Atlanta Federal Case at pp. 8-9. A full copy of the Order is attached hereto as Exhibit C.

23.     Axiom, LLC has never owned any of Axiom, Inc.'s intellectual property, including any of Axiom, Inc.'s trademarks or other Intellectual Property or contract rights (including but not limited to the restrictive covenants Musallam and Deweerd have admitted, under oath, are still binding upon them).

24.     The costs of the myriad of litigation, including but not limited to the Atlanta Federal Case, and other business reasons, caused a financial decline beginning in 2007. *See* June 25, 2010 Order [Dkt. #846] entered in the Atlanta Federal Case at p. 17 ("Axiom LLC's financial status has admittedly been in a state of decline since 2007.") and at p. 17 n. 2 ("... Exarhos ... stated he would personally see to it that Axiom is worthless....").

25.     Accordingly, in September of 2008, non-party Axiom LLC (borrowed money from Progress Bank, N.A.  Copies of the loan documents relating to the Progress Bank, N.A. loan to non-party Axiom LLC are attached hereto as part of Exhibit D.

26.     However, while Axiom LLC borrowed approximately $4 Million Dollars and entered into written loan documents pledging its assets to Progress Bank, N.A., Axiom Inc. never had anything to do with Progress Bank, N.A. or the loan agreements between Progress Bank, N.A. and Axiom LLC.

12

27.     In or about December of 2009, Progress Bank, N.A. withdrew its agreement to renew the loan to Axiom LLC and filed suit against Axiom LLC in Florida State Court in the civil case styled *Progress Bank, N.A. v. Axiom Worldwide LLC,* Case No. 09-CA-030680 Thirteenth Judicial Circuit Court In And For Hillsborough County, Florida ("Axiom LLC Progress Bank Case"). A copy of Progress Bank, N.A.'s Verified Complaint with its exhibits is attached hereto as Exhibit D.

28.     As can readily be seen from Progress Bank, N.A.'s Verified Complaint and its exhibits, a copy of which is attached hereto as Exhibit D, Axiom Inc. was not a party to the Axiom LLC Progress Bank Case, and, Axiom Inc. had nothing to do with the loan from Progress Bank, N.A. to Axiom LLC.

29.     More importantly, Axiom LLC never owned any of Axiom Inc's 510(k)s, Trademarks, contract rights or other Intellectual Property, *see* June 25, 2010 Order [Dkt. #846] entered in the Atlanta Federal Case at pp. 8-9 attached hereto as Exhibit C, and, Progress Bank, N.A. never had a lien on any of Axiom Inc's assets. *See* Progress Bank, N.A.'s Verified Complaint with its exhibits which is attached hereto as Exhibit D.

30.     On March 24, 2010, Progress Bank, N.A. was awarded Final Judgments against Axiom LLC and others in the Axiom LLC Progress Bank Case (although they were subsequently declared void in *Lori Gibson v. Progress Bank, N.A.,* 54 So.3d 1058 (Fla. 2d DCA 2010)).

31.     The following day, on March 25, 2010, Axiom LLC filed a petition commencing an action for the Assignment for Benefit of Creditors to Michael Luetgert and Associates ("Luetgert") in the case styled *In re: Axiom Worldwide, LLC, Assignor to Michael Luetgert, Assignee,* Case No. 10-CA- 006801, Thirteenth Judicial Circuit Court In And For Hillsborough County, Florida ("Axiom LLC ABC Case").

32.     Only Axiom, LLC – and no other entity bearing the name "Axiom" – assigned its assets to Luetgert in the Axiom LLC ABC Case. The only assets transferred to assignee Luetgert were those belonging to Axiom, LLC. To be clear, while Axiom, LLC did make an assignment of its assets for the benefit of Axiom, LLC's creditors to Michael Luetgert, Axiom, Inc has never assigned any of their respective Trademarks, contract rights, 510(k) clearances or any other Intellectual Property to anyone, let alone to M.D. Luetgert.

33.     Again, on June 25, 2010, U.S. District Court Judge presiding over the Atlanta Federal Case entered an order which, in part, granted summary judgment to North American Medical Corporation as portions of non-party Axiom LLC's counterclaims. The June 25, 2010 Order [Dkt. #846], specifically stated:

> In Count I of its counterclaim, Axiom LLC asserts a claim against Plaintiff [North American Medical Corporation] for trademark infringement. (Counterclaim [511] at ¶¶ 75-79.) In support of this claim, Axiom LLC contends that Plaintiff used Axiom Inc.'s registered trademarks as meta-tags on plaintiff's website. (*Id.*) Consequently, according to Axiom LLC, potential customers were misled as to plaintiff's identity, and misdirected to plaintiff's website. (*Id.*)
>
> In order to have standing to assert a trademark infringement claim, a party must show that it owns the trademark in question....Axiom LLC cannot meet this requirement. The records of the United States Patent and Trademark Office indicate that Axiom Inc. still owns the trademarks at issue. (Pl.'s Statement of Material Facts ("PSMF") [689] at ¶11.) Moreover, the 2007 Warranty Bill of Sale did not, by its terms, transfer Axiom Inc.'s trademarks, or any intellectual property rights, to Axiom LLC.ı (Id. at ¶5.) [The transfer was expressly limited to "raw materials inventory, finished goods inventory, computer equipment, leasehold improvements, machinery, equipment, furniture, fixtures and goodwill." (PSMF [689] at ¶5.)] Accordingly, plaintiff's motion for summary judgment on Count I of Axiom LLC's counterclaim is GRANTED.
>
> * * *
>
> Moreover, the 2007 Warranty Bill of Sale did not by its terms transfer any rights in ... any ... contractual rights, to Axiom LLC. (PSMF [689] at ¶5.) Accordingly, plaintiff's motion for summary judgment on Count III of Axiom LLC's counterclaim is GRANTED.

*See* June 25, 2010 Order [Dkt. #846] entered in the Atlanta Federal Case at pp. 8-9. A full copy of the Order is attached hereto as Exhibit C.

34.     Six days later, on July 1, 2010, the court presiding over the Axiom LLC ABC Case entered an Order Authorizing the Transfer of Assets of Axiom, LLC to Progress Bank. This July 1, 2010 Order authorized Axiom, LLC's assignee, Michael Luetgert to transfer Axiom, LLC's assets to Progress Bank, which was Axiom, LLC's primary creditor. A copy of the Order Authorizing the Transfer of Assets of Axiom, LLC to Progress Bank entered on July 1 is attached hereto as Exhibit E.

35.     On July 2, 2010, Michael Luetgert transferred the assets of Axiom LLC to Progress Bank pursuant to an "as is" "where is" Bill of Sale which excluded all warranties and representations of any kind. A copy of the Bill of Sale is attached hereto as Exhibit F.

36.     Neither the July 1, 2010 Order nor the July 2, 2010 Bill of Sale make any reference to Axiom Inc. or any of its assets nor could they legally have done so Axiom LLC never obtained ownership of any of Axiom Inc.'s 510(k)s, Trademarks, contract rights or other Intellectual Property rights. *See* June 25, 2010 Order [Dkt. #846] entered in the Atlanta Federal Case at pp. 8-9. A full copy of the Order is attached hereto as Exhibit C.

37.     On July 16, 2010, Progress Bank thereafter sold whatever portion of Axiom, LLC's assets it acquired from Leutgert in the Axiom LLC ABC Proceeding to HTRD on an additional "as is" and "where is" basis without any warranties or representations of any kind pursuant to a document titled "Quit Claim Bill of Sale And Assignment," a copy of which is attached hereto ad Exhibit G.

38.     Progress Bank and HTRD entered into the Quit Claim Bill of Sale And Assignment with full and actual knowledge of the June 25, 2010 Order [Dkt. #846] entered in the

Atlanta Federal Case, a copy of which is attached hereto as Exhibit C, and the facts that Axiom

LLC and Progress Bank, N.A. never obtained any ownership or other interest in any of Axiom

Inc.'s 510(k)s, Trademarks, contract rights or other Intellectual Property rights .

39.     As a result, HTRD did not buy, and Progress Bank did not sell the assets of

Axiom, Inc. because none of those assets were ever transferred to Axiom LLC, Luetgert or

Progress Bank, N.A.

40.     The only assets that Progress Bank could have sold to HTRD were the assets

previously owned by Axiom, LLC, which had been assigned by Axiom, LLC to Luetgert. Put

differently, although Axiom, LLC transferred its assets to Luetgert, as an assignee for the benefit

if Axiom, LLC's creditors, Axiom, LLC did not transfer – and could not have transferred –

assets to Progress Bank that belonged to Axiom, Inc.

41.     Progress Bank, moreover, could not have sold assets to HTRD that did not belong

to Axiom, LLC.  Yet, this is precisely what HTRD, together with Ryzur, Excite Medical, Eltech,

Ren, Musallam, Deweerd and Exarhos are claiming in defrauding the unsuspecting medical

community.

42.     HTRD, in concert with Ryzur, Excite Medical, Eltech, Ren, Musallam and

Exarhos, is wrongfully attempting to claim ownership of the 510(k)s, Trademarks and other

Intellectual Property that belongs to Axiom, Inc.

43.     In this regard, HTRD, in concert with Ryzur, Excite Medical, Eltech, Ren,

Musallam and Exarhos, has intentionally submitted false and misleading documents and

statements to the United States Patent and Trademark Offices ("USPTO") in violation of 15 USC

§ 1120 and other federal and state laws.

44. For example, the following existing trademarks were registered by, and remain the property of Axiom, Inc.: "Axiom Worldwide™," "Axiom Worldwide Logo, ™" "DRX 9000™," "DRX™," "Better Technology . . . Better Health™." *See* Composite Exhibit A which are true and correct copies of prior records relating to these trademarks as maintained by the United States Patent and Trademark Office ("USPTO").

45. Although the above-trademarks were registered and are owned by Axiom, Inc., HTRD has intentionally submitted false and misleading documents and statements to the USPTO in violation of 15 USC § 1120 and other federal and state laws improperly identifying itself as the owner of some of these trademarks pursuant to what appears to be an attempt to claim ownership of intellectual property it never acquired. Copies of the current records of the USPTO are attached hereto as part of Composite Exhibit H.

46. In particular, on the records of the USPTO, HTRD has improperly claimed ownership of certain trademarks that are, as ruled by the Federal Court on pages 8-9 of its June 25, 2010 Order, a copy of which is attached hereto as Exhibit C, were then owned by, and continue to belong to, Axiom, Inc.

47. Again, the Axiom, Inc. trademarks for which HTRD has improperly claimed ownership are: "Axiom Worldwide™," "DRX 9000™," "DRX™," and "Better Technology . . . Better Health™." *See* Composite Exhibit H.

48. As reflected by Composite Exhibit A and Composite Exhibit H, Axiom, Inc. – not Axiom, LLC – is the registrant of these trademarks.

49. Axiom, Inc., furthermore, never transferred those trademarks to anyone, as ruled by the Federal District Court in its June 25, 2010 Order attached hereto as Exhibit C.

50.     Consequently, HTRD could not have acquired those trademarks from Progress Bank for the simple reason that these trademarks have always belonged, and continue to belong, to Axiom, Inc., and were never transferred by Axiom, Inc. to anyone.

51.     Notwithstanding this fact, HTRD has manipulated its acquisition of the assets of Axiom, LLC to improperly induce the USPTO to reflect that HTRD is now a listed owner of these trademarks.

52.     HTRD has provided no chain of title evidencing its purported acquisition of Axiom, Inc.'s trademarks, and, on information and belief, suspect that HTRD has illegally claimed that its purchase of Axiom, LLC's assets also included (wrongfully) the purchase of Axiom, Inc.'s assets.

53.     As made clear by the Federal Court's June 25, 2010 Order, however, Axiom, Inc. never "transfer[red] Axiom, Inc.'s trademarks, or any intellectual property rights, to Axiom, LLC." Again simply put, HTRD cannot and does not own those trademarks, because that trademark has always belonged to Axiom, Inc. and because Axiom, Inc. has never transferred its intellectual property to anyone.

54.     HTRD, Excite and its agents also claim, without any basis, that it purchased "FDA 510(k)s issued to Axiom, Inc." Again, it is impossible for HTRD to have purchased FDA 510(k)s issued to Axiom, Inc., when Axiom, Inc. did not transfer its FDA 510(k)s to anyone, including but not limited to, Axiom LLC, Luetgart or Progress Bank, and, there is absolutely no legal record or document that supports HTRD's fraudulent theory of ownership.

55.     Notwithstanding, HTRD and the other Defendants claim they are entitled to use Axiom Inc.'s 510(k)s, Trademarks and other Intellectual Property and have engaged in additional wrongful conduct which has damaged Axiom Inc and which will continue to damage Axiom Inc.

56.     Defendant, Musallam, in concert with HTRD, Ryzur, Excite Medical, Eltech, Ren and Exarhos, are violating the terms of the Confidentiality Agreement despite admitting, under oath, that they executed Axiom Inc.'s standard Confidentiality Agreement and were never released from the binding nature of the agreements.  A sample copy of the Confidentiality Agreement and a portion of the Affidavit of Musallam stating he executed same is attached hereto as Exhibit I.  Axiom Inc. does not have possession of the signed copies of the agreements but Musallam and Deweerd are in possession of the signed copies.

57.     In fact, the fraud of the Defendants in this regard began in 2009.  Following Exharos statement that he would render Axiom LLC worthless, *see* June 25, 2010 Order [Dkt. #846] entered in the Atlanta Federal Case at p. 17 n. 2 ("… Exarhos … stated he would personally see to it that Axiom is worthless…."), Ren and Exarhos conspired to start up the Ryzur entities and began to withhold sales from Ms Li and her company, who are the authorized users of Axiom Inc's Intellectual Property in China.  In this regard, Ren, a former employee of Ms. Li, and Exharos, a former officer and director of Axiom Inc., built a manufacturing facility in Hefei, China beginning in late 2009.

58.     Since July 2010, and as recently as Spring 2011, Musallam, Excite Medical, Exarhos and Ren have conducted numerous sales presentations for the benefit of Musallam, Excite Medical, Ren, Ryzur and HTRD and together have misled the medical marketplace community on the rightful ownership of Axiom Inc.'s Intellectual Property.

59.     In furtherance of this improper conduct, Ren circulated in China a document that contained a forgery of the signature of Axiom Inc.'s President which document also falsely stated that a company owned or controlled by Ren had been given the rights to Axiom Inc.'s Intellectual Property and products for the Peoples Republic of China.  Ren knew or should have

known that the letter was a forgery. The matter was reported to the Beijing police, and, they have opened an investigation against Ren in this regard.

60. HTRD and Excite Medical have improperly attempted to cancel OOO Axioma's contract making them the only company authorized to use Axiom Inc.'s Intellectual Property and products created therefrom in Russia and have attempted to grant all of those rights to Russia to its sister company, Defendant Eltech.

61. HTRD and Excite Medical have filed paperwork with the FDA to become contract manufacturers for Axiom 510(k) products.

62. Additionally, HTRD, Ryzur, Excite Medical, Eltech, Ren, Musallam and Deweerd have stolen the Trade Secrets of Axiom Inc., including but not limited to, the content of the Axiom Worldwide website, design drawings for the Axiom products and related components. In this regard, despite the fact that they may own the rights to the website domain www.axiomworldwide.co (not .com), where they are improperly using Axiom Inc.'s copyrights, the content on the website and its copyrights belong to Axiom Inc. as specifically stated on each page of the information currently appearing on www.axiomworldwide.co (not .com). A copy of the current home page appearing on www.axiomworldwide.co (not .com) is attached hereto as Exhibit J

63. Because Axiom Inc. is the owner of the Intellectual Property at issue in this case, the Defendants have infringed Axiom Inc's Trademarks because Axiom Inc's marks have priority, the Defendants' used Axiom's marks in commerce, and; Defendants' marks, and Defendants' illegal use of Axiom Inc.'s marks, is likely to cause consumer confusion.

64. Because Axiom Inc. is the owner of the Intellectual Property at issue in this case, the Defendants have infringed Axiom Inc's Trademarks and engaged in unfair competition

because the items at issue originated with Axiom Inc., the Defendants have falsely designated the origin of work; the Defendants' false designation is likely to cause consumer confusion, and; Axiom Inc. has been harmed, and will continue to be harmed, by the Defendants' false designations.

65.　Because Axiom Inc. is the owner of the Intellectual Property at issue in this case, the Defendants have misappropriated Axiom Inc.'s Trade Secrets because Axiom Inc. possesses secret information and has taken reasonable steps to protects its secrecy, and; the secret information it possessed was misappropriated by the Defendants, who knew or had reason to know that the secret information was improperly obtained or was obtained by one who used improper means to obtain it.

66.　Because Axiom Inc. is the owner of the Intellectual Property at issue in this case, including the Confidentiality Agreements with Musallam and Deweerd and the relationships with its foreign affiliates, including but not limited to, OOO Axioma in Russia and Ms. Li's company in the Peoples Republic of China, the Defendants have breached the Confidentiality Agreements and intentionally interfered with Axiom Inc.'s business because Axiom Inc. has a substantial business interest in its Intellectual Property, including its Trademarks, Copyrights, Confidentiality Agreements and other Intellectual Property, enforcement of the restrictive covenants contained in the Confidentiality Agreements are reasonably necessary to protect the legitimate business interest or interests of Axiom Inc. justifying the restrictions, Musallam and Deweerd have breached the terms of the Confidentiality Agreements and their actions in breach of the agreements are being used to benefit all of the Defendants, the Defendants knew of the business relationships between Axiom Inc., on the one hand, and Musallam, Deweerd, OOO Axioma and Ms. Li's company on the other hand, and, the Defendants have intentionally and

unjustifiably interfered with Axiom Inc's rights under the Confidentiality Agreements and other contractual relationships, and, Axiom Inc. has been damaged by the actions of the Defendants.

67.     Because Axiom Inc. is the owner of the Intellectual Property at issue in this case, the Defendants have infringed Axiom Inc's copyrights because Axiom Inc. owns valid copyrights in the content appearing on the internet website www.axiomworldwide.co (not .com) and in the design drawings and other items related to the products protected by Axiom Inc.'s Trademarks and copyrights, and, because the Defendants have copied and are using the constituent elements of work that are original and which belong Axiom Inc.

68.     Because Axiom Inc. is the owner of the Intellectual Property at issue in this case, Axiom Inc. has been damaged by the actions of the Defendants.  In this regard, Axiom Inc. is entitled to injunctive relief because there is no adequate remedy at law, and, because there is a substantial likelihood of success exists on the merits, irreparable injury will be suffered absent an injunction, the injury to Axiom Inc. outweighs the injury the proposed injunction would cause to the opposing parties (who don't have any rights to Axiom Inc.'s Intellectual Property), and; the proposed injunction would serve the public interest.

69.     HTRD, Ryzur, Excite Medical, Excite Diagnostics, Eltech, David Ren, Saleem Musallam, Andrew Deweerd and Nicholas Exharos are continuing to masquerade as the holder and owner of Axiom Inc.'s Intellectual Property rights in the medical devise marketplace all over the world despite they have no rights to the property and have engaged in improper conduct amounting to nothing more than an elaborate scheme to steal Axiom Inc.'s property, render Axiom "worthless," *see* June 25, 2010 Order [Dkt. #846] entered in the Atlanta Federal Case at p. 17 n. 2 ("… Exarhos … stated he would personally see to it that Axiom is worthless…."), pretend to be Axiom Inc. and misappropriate its business.

70.    Notwithstanding, on information and belief, HTRD claims that it is the owner of Axiom Inc.'s Trademarks, copyrights, contract rights and other Intellectual Property who claims to have purchased them from Progress Bank, and, the Defendants claim that they have been authorized to use Axiom Inc.'s assets by HTRD.

71.    There is a justifiable controversy between the Plaintiff, Axiom Inc, and the Defendants regarding the ownership and rights of the Trade Secrets, Trademarks, Registered Marks, Trade names including: Axiom Worldwide™; the Axiom Worldwide (design logo)™; DRX™; DRX9000™; Better Technology, Better Health™; (hereinafter "Trademarks"), the copyrights to the designs and drawings of the products marketed under the Trademarks and component parts thereof, together with content appearing on the Defendants' internet website www.axiomworldwide.co (not .com), the rights associated with ownership of those marks, copyrights, and other Trade Secrets, as well as the rights of the parties under the restrictive covenants running in favor of Axiom Inc under the parties "Confidentiality Agreement"—which the Defendants, Saleem N. Musallam and Andrew Deweerd have admitted, under oath, continue to be binding upon them.

WHEREFORE, Plaintiff, Axiom Worldwide, Inc. prays that the Court declare and a judgment be entered:

1.    Holding that Axiom Worldwide, Inc. is the owner of the Trade Secrets, Trademarks, Registered Marks, Tradenames, Confidentiality Agreements and other Intellectual Property at issue in this case including: Axiom Worldwide™; the Axiom Worldwide (design logo)™; DRX™; DRX9000™; Better Technology, Better Health,™ and, that Axiom Worldwide, Inc. is the owner of the 510(k)s at issue in this case including K # 01092 issued on May 1st, 2001 and K # 060735 issued on May 26th, 2006;

2.      Ordering the USPTO to amend its records to properly show that Axiom Worldwide, Inc. is the owner of the Trademarks at issue in this case including: Axiom Worldwide™; the Axiom Worldwide (design logo)™; DRX™; DRX9000™; Better Technology, Better Health™;

3.      Holding that Axiom Worldwide, Inc. is the owner of the copyrights to the designs and drawings of the products marketed under the Trademarks and component parts thereof, together with content appearing on the Defendants' internet website www.axiomworldwide.co (not .com), and all other rights associated with ownership of the Trademarks, copyrights, and other Trade Secrets and Intellectual Property at issue in this case;

4.      Holding that the Defendants have provided false information to the USPTO regarding Axiom Inc.'s Trademarks;

5.      Holding that the Defendants have infringed Axiom Inc.'s Trademarks;

6.      Holding that the Defendants have infringed Axiom Inc.'s copyrights;

7.      Holding that the Defendants, Musallam and Deweerd, have breached the Confidentiality Agreements running in favor of Axiom Inc.;

8.      Holding that the Defendants have intentionally interfered with Axiom Inc.'s business relationships;

9.      Holding that the Defendants have engaged in unfair competition including falsely designating the origin of the products they have sold in the stream of commerce;

10.     Holding that the Defendants have misappropriated Axiom Inc.'s trade secrets;

11.     Entering an injunction restraining the Defendants, their agents, representatives, assigns or successors in interest, from infringing the Trademarks and copyrights in suit, prohibiting them from further breaches of the restrictive covenants of the Confidentiality

Agreement, prohibiting the Defendants from using any of Axiom Inc.'s Intellectual Property, including but not limited to, Axiom Inc.'s Trademarks, Copyrights, Tradenames, Logos, Trade Secrets, drawings, designs and 510(k)s;

12.     Awarding damages, including attorneys' fees, costs and expenses of this action pursuant to the Confidentiality Agreements and the statutes at issue in this case, and;

13.     For such other and further relief as this Court may deem just and proper.

SCOTT A. FRICK, ESQ.
Florida Bar No. 884741
sfrick@kasslaw.com
KASS, SHULER, P.A.
P.O. Box 800
Tampa, FL 33601
Phone: (813) 229-0900
Fax:    (813) 229-3323
ATTORNEYS FOR PLAINTIFF
AXIOM WORLDWIDE, INC.

## VERIFICATION

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

Before me, the undersigned authority, duly authorized to administer oaths and to take acknowledgments, personally appeared James Norton, who, after first being duly sworn, deposes and says that he is the President of Axiom Worldwide, Inc. ("Axiom Inc."); that, in such capacity, he is authorized to make this verification on behalf of Axiom Inc.; that Affiant has access to and control over the books and records kept and maintained by Axiom Inc. in the ordinary course of its business and under his supervision in regard to this Verified Complaint; that Affiant has read the foregoing Verified Complaint and states that the facts and matters alleged and contained therein are true and correct, and; that Affiant has made this Affidavit either upon his own personal knowledge of the facts involved or based upon the review of the books and records customarily kept and maintained by Axiom Inc. as alleged in the foregoing Verified Complaint.

AXIOM WORLDWIDE, INC.

By: _____

James Gibson

As Its: President

July The foregoing Verification was sworn to and subscribed before me this _1st_ day of June, 2011 by James Gibson of Axiom Worldwide, Inc., who is personally known to me or who produced _FL Drivers Licence_ as identification and who did take an oath.

_____
Signature

ECHO H. KENNEDY
MY COMMISSION # DD 757767
EXPIRES: March 7, 2012
Bonded Thru Budget Notary Services

_____
Name of Notary (Please print)

(SEAL)