UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AXIOM WORLDWIDE, INC.,
a Florida Corporation,

       Plaintiff,

v.

Case No.:  8-11 CV-1468-T-33 TBM

HTRD GROUP HONG KONG LIMITED a/k/a
HTRD GROUP HONG KONG LIMITED, INC.;
RYZUR MEDICAL, INC.; RYZUR MEDICAL
GROUP; RYZUR MEDICAL INVESTMENT CO.,
LTD; EXCITE MEDICAL CORP; EXCITE
DIAGNOSTICS, LLC; ELTECH USA, LLC;
DAVID REN; SALEEM N. MUSALLAM;
ANDREW DEWEERD; HARLON PARCHMENT;
COREY BROWNWELL; ANHUI RYZUR; AXIOM
MEDICAL DEVICES, LTD;

       Defendants.
_____/

## JOINT STIPULATED MOTION TO CONTINUE AND RESCHEDULE TRIAL

**COME NOW** the Plaintiff and Defendants in this case, by and through their undersigned attorneys, to move this Court for an amendment to its Case Management and Scheduling Order filed on September 14, 2011.  In support of this Motion, the parties would stipulate and show as follows:

    1.    The Court's Case Management and Scheduling Order set the non-jury trial of this matter for the weeks of May, 2013.  A pretrial conference was scheduled for Tuesday, April 26, 2013.  The Court established the following critical deadlines:  (a) expert testimony disclosure -

**September 4, 2012;** (b) discovery cutoff – **November 1, 2012**; (c) dispositive motions – **December 3, 2012**.

2. A mediation in this matter is currently scheduled to be held on September 20, 2012 before court-approved mediator Peter Grilli.

3. There is currently pending before this Court the Defendant's Motion for Preliminary Injunction (Doc. 45) and the Magistrate's Report and Recommendation on it (Doc. 76). Both AXIOM WORLDWIDE, INC. and HTRD GROUP HONG KONG LIMITED have requested oral argument on the objections raised to the Magistrate's Report and Recommendation. No oral argument has yet been set, nor Order entered.

4. Prior to the May, 2012 hearing on the Motion for Preliminary Injunction, the parties had served certain discovery demands, but no discovery was forthcoming while the parties attempted to resolve an issue concerning a confidentiality agreement and order.

5. The parties agree that the Court's ruling could limit and/or define the issues actually to be tried at trial or to be resolved by motions for summary judgment. That being the case, that ruling on the injunction would inform and define the scope and nature of discovery generally, the scope and nature of the confidentiality agreement and the need for or identity and area of expertise of any experts, as well as the deposition discovery which would remain to be taken.

6. The parties are rightly concerned that insufficient time will remain under the current Case Management Scheduling Order to properly complete the discovery and file dispositive motions in light of whatever order the Court enters on the Motion for Preliminary

Injunction. The parties do not wish to delay or postpone the mediation session and intend to hold it as originally scheduled and ordered by this Court.

7.  Therefore, though the parties are well aware that motions to amend any pleading or continue the pretrial conference, trial or any other scheduled deadlines are generally distinctly disfavored after entry of the case management and scheduling order, the parties are also well aware that if the Court grants continuance of the dispositive motion deadline, then the Court will of necessity reschedule the final pretrial conference and trial term in order to allow sufficient time for any dispositive motions to be ruled on by the Court.

8.  Therefore, in order to ensure a fair and efficient march of this case forward to a trial in light of the outstanding issues, the parties hereby jointly move and stipulate to the Court entering an amended case management and scheduling order which changes the critical dates as follows:

(a) disclosure of expert testimony by both sides on December 4, 2012;

(b) discovery cutoff – all discovery to be completed on or before February 1, 2013; and,

(c) dispositive motions shall be filed on or before March 3, 2013.

The parties further suggest the trial be scheduled for a non-jury trial in Tampa, Florida during the Court's trial week of August or September, 2013 with a pretrial conference to be scheduled at the Court's convenience, roughly two weeks before the scheduled trial term.

9. The parties hereto stipulate and certify to the Court that this Motion is not made for any improper purpose or to create unnecessary delay and that the granting of it will not disadvantage the Plaintiff or Defendants in the case.

Dated this 28th day of August, 2012.

Respectfully submitted,

| **FORIZS & DOGALI, P.A.** | **FRICK LAW GROUP, P.A.** |
|---|---|
| */s/ Lee Wm. Atkinson* | */s/ Scott A. Frick* |
| Lee Wm. Atkinson, Esquire | Scott A. Frick, Esquire |
| Fla. Bar No.: 340375 | Fla. Bar No.: 884741 |
| latkinson@forizs-dogali.com | sfrick@fricklawgroup.com |
| Zala L. Forizs, Esquire | 1005 N. Marion Street |
| Fla. Bar No.: 0151150 | Tampa, FL 33602 |
| zforizs@forizs-dogali.com | Phone: (813) 344-3545 |
| 4301 Anchor Plaza Parkway, Suite 300 | Direct: (813) 386-0760 |
| Tampa, FL 33634 | *Attorneys for Axiom Worldwide, Inc.* |
| Telephone: (813) 289-0700 | |
| Facsimile: (813) 289-9435 | |
| *Attorneys for HTRD Group Hong Kong Limited, Ryzur Medical, Inc.; Ryzur Medical Group; Ryzur Medical Investment Co., Ltd.; Eltech USA, LLC; David Ren; Andrew Deweerd* | |

**MEYERS LAW, P.A.**

/s/ Dennis A. Meyers, Esq.
Dennis A. Meyers, Esq.
Fla. Bar No. 580260
dennis@meyerslawpa.com
8001 N. Dale Mabry Hwy. – Suite 401C
Tampa, FL 33614
Phone: (813) 305-7973
*Attorneys for Excite Medical Corp;
Excite Diagnostics, LLC and
Saleem N. Musallam*