```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                           TAMPA DIVISION

AXIOM WORLDWIDE, INC.,

            Plaintiff,
                                      Case No.: 8:11-cv-1468-T-33TBM
v.

HTRD GROUP HONG KONG LIMITED
a/k/a HTRD GROUP HONG KONG
LIMITED, INC., ET AL.,

            Defendants.
_____/
```

**ORDER**

This cause comes before the Court pursuant to the July 18, 2012, Report and Recommendation of Thomas B. McCoun III, United States Magistrate Judge (Doc. # 76), in which Judge McCoun recommends that Defendant/Counterclaim-Plaintiff HTRD Group Hong Kong Limited's Motion for Preliminary Injunction (Doc. # 45) be denied. Judge McCoun conducted a hearing on the Motion on May 7, 2012. (Doc. # 71). HTRD filed timely objections to the Report and Recommendation on July 31, 2012 (Doc. # 77), to which Plaintiff/Counter-Defendant Axiom Worldwide, Inc. filed a response on August 13, 2012 (Doc. # 80). Axiom Inc. also filed an objection to the Report and Recommendation on July 31, 2012 (Doc. # 79), to which HTRD filed a response on August 13, 2012 (Doc. # 81). With leave

of the Court, Axiom Inc. filed a reply to HTRD's response on August 16, 2012. (Doc. # 85).

Also before the Court are HTRD's Request for Oral Argument Upon Objections to Report and Recommendation (Doc. # 78), filed on July 31, 2012, and Axiom's Request for Oral Argument (Doc. # 83), filed on August 14, 2012, as well as the parties' Joint Stipulated Motion to Continue and Reschedule Trial (Doc. # 89), filed on August 28, 2012.

After careful consideration and being fully advised in the premises, the Court sustains Axiom Inc.'s objection, overrules HTRD's objections, adopts in part the Report and Recommendation of the Magistrate Judge, denies the Motion for Preliminary Injunction, denies the requests for oral argument as moot, and denies without prejudice as moot the joint motion to continue and reschedule trial.

## I. Legal Standard

After conducting a careful and complete review, a district judge "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district judge must review de novo those portions of the findings or recommendations to which objection is made. Id. In the absence of specific objections, there is no requirement that

a district judge review factual findings de novo, <u>Garvey v. Vaughn</u>, 993 F.2d 776, 779 n.9 (11th Cir. 1993). The district judge reviews legal conclusions de novo, even in the absence of an objection. <u>See</u> <u>Cooper-Houston v. S. Ry. Co.</u>, 37 F.3d 603, 604 (11th Cir. 1994); <u>Castro Bobadilla v. Reno</u>, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), <u>aff'd</u>, 28 F.3d 116 (11th Cir. 1994).

**II.  Background**

Axiom Inc. initiated this trademark ownership and infringement declaratory judgment action on July 1, 2011 (Doc. # 1). Axiom Inc. filed a verified amended complaint on August 26, 2011, in which it alleges that it is the owner of certain intellectual property, including certain trade secrets, trademarks, registered marks, trade names, and copyrights of the designs and drawings of products marketed under the trademarks. (Doc. # 20). Axiom Inc. seeks declaratory and injunctive relief as well as damages against HTRD and various affiliated entities, agents, and former Axiom Inc. employees, which are all also named as defendants, for alleged trademark and copyright misappropriation and infringement, unfair competition, breach of confidentiality agreements, providing false information to the U.S. Patent and Trademark Office (USPTO), and interference with business relationships. <u>Id.</u>

On July 25, 2011, in response to the original complaint, Defendants filed a counterclaim against Axiom Inc. (Doc. # 5). In the counterclaim, Defendants allege that in 2006, Axiom Inc. transferred all of its assets to non-party Axiom Worldwide, LLC, via a Warranty Bill of Sale executed in February 2007. Id. at 18. HTRD contends that the term "goodwill" in the Warranty Bill necessarily included the intellectual property at issue in this case. Id.

In 2010, Axiom LLC transferred the acquired assets to Progress Bank. Id. at 22. HTRD alleges that on July 16, 2010, it purchased all of the assets from Progress Bank, "including the goodwill carried on the books of Axiom LLC and therefore, the intellectual property and trademarks that [Axiom] LLC had been using for the last four years." Id. Accordingly, HTRD seeks a declaratory judgment that it is the rightful owner of the intellectual property and that Axiom Inc. has infringed on HTRD's trademarks and copyrights, intentionally interfered with HTRD's business relationships, engaged in unfair competition, and misappropriated HTRD's trade secrets. Id. at 24.

HTRD filed the instant Motion for Preliminary Injunction on February 20, 2012, seeking to enjoin Axiom Inc. from further use and infringement of its claimed intellectual

property. (Doc. # 45). In response, Axiom Inc. avers that the sale of its assets to Axiom LLC transferred only certain tangible assets specifically listed on the Warranty Bill of Sale and, notwithstanding use of the term "goodwill," did not include the intellectual property at issue in this case. (Doc. # 51 at 3). As such, Axiom Inc. contends that HTRD cannot claim ownership of the intellectual property through Axiom LLC, because the intellectual property was never transferred to Axiom LLC in the first place. Id. at 12. Rather, Axiom Inc. asserts that it continued to operate as an active Florida corporation after the asset sale and maintained ownership of the intellectual property, although it allegedly licensed usage of the intellectual property to Axiom LLC for a period of time. Id. at 4.

Axiom Inc. further contends that under the doctrine of issue preclusion, HTRD, as a successor in interest to Axiom LLC, is barred from asserting a claim to the intellectual property by a prior ruling of the U.S. District Court for the Northern District of Georgia in a case brought by a non-party against both Axiom Inc. and Axiom LLC, North American Medical Corp. v. Axiom Worldwide, Inc., et al., No. 1:06-cv-1678-CCH

(the Atlanta Federal Case).[1]  Specifically, in the Atlanta Federal Case, the court granted summary judgment in favor of the plaintiff on Axiom LLC's counterclaim for trademark infringement, based on its determination that Axiom LLC lacked standing to bring the counterclaim because it did not own the trademarks at issue.  (Doc. # 1-3 at 8-9).  The court ruled that "the 2007 Warranty Bill of Sale did not, by its terms, transfer Axiom Inc.'s trademarks, or any intellectual property rights, to Axiom LLC."  Id. at 8.

HTRD counters this argument by asserting that the ruling in the Atlanta Federal Case cannot have a preclusive effect in this action because Axiom Inc. and Axiom LLC were not

---

[1] The parties both request the Court to take judicial notice of certain portions of the record in the Atlanta Federal Case (Doc. ## 86, 87).  The requests, however, contain much more than a simple request for judicial notice and are essentially unauthorized further memorandums directed to the Motion for Preliminary Injunction, the Report and Recommendation, and the parties' respective objections.  Thus, the Court takes judicial notice of North American Medical Corp. v. Axiom Worldwide, Inc., et al., No. 1:06-cv-1678-CCH, United States District Court, Northern District of Georgia, and its record, but will not consider the remainder of the parties' judicial notice requests which are tantamount to unauthorized further briefings of the issues.  Given that Axiom Inc.'s judicial notice request is guilty of the same impropriety in this regard as HTRD's, perhaps even more so, the Court denies Axiom Inc.'s request to impose sanctions against HTRD for the very same conduct in which Axiom Inc. engages.

adversaries in the prior proceeding, which HTRD contends is a necessary requirement of issue preclusion.

### III. **Analysis**

A party seeking a preliminary injunction must demonstrate (1) a substantial likelihood of success on the merits; (2) a substantial threat that the party will suffer irreparable injury if interlocutory injunctive relief is not granted; (3) the threatened injury to the moving party outweighs any threatened harm an injunction may do to the non-moving party; and (4) granting a preliminary injunction will not be adverse to the public interest. See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998)(citing All Care Nursing Servs. Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1990)).

The Eleventh Circuit recognizes that "a preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establish[es] the 'burden of persuasion' as to each of the four prerequisites." Seigel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000)(citing McDonald's Corp., 147 F.3d at 1306). In Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70, 415 U.S. 423 (1974), the Supreme Court ruled that "Rule 65(b) does not place upon the non-moving party the burden of coming forward

and presenting its case against a preliminary injunction." Id. at 442. Thus, the burden falls squarely on the proponent of injunctive relief. Morever, the Eleventh Circuit also recognizes that the grant of a preliminary injunction is "'the exception rather than the rule, and plaintiff must clearly carry the burden of persuasion.'" Id. at 1180 (citing United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983).

In his Report and Recommendation, Judge McCoun concludes that HTRD has failed to demonstrate a substantial likelihood of success on the merits and, therefore, recommends denying the Motion for Preliminary Injunction. Although Judge McCoun was persuaded by HTRD that the doctrine of issue preclusion (also called collateral estoppel) may not apply unless the parties were adversaries in the prior proceeding, Judge McCoun concluded that the Atlanta Federal Case ruling nevertheless "militates strongly against HTRD's claim of ownership of the trademarks and other intellectual property" because "[g]iven that the proffered evidence of ownership of the trademarks before Judge Carnes appears essentially the same as that proffered to this court, the outcome will likely be the same." (Doc. # 76 at 17, 19).

While Axiom Inc. agrees with Judge McCoun's recommendation to deny the Motion for Preliminary Injunction,

Axiom Inc. objects to the Magistrate Judge's determination that issue preclusion should not apply in this case. Specifically, Axiom Inc. argues that, HTRD's arguments to the contrary, the doctrine of issue preclusion does not require an adversarial relationship in the prior proceedings between the parties. HTRD in turn agrees with Judge McCoun's conclusion that issue preclusion should not apply in this case, but objects to the Magistrate Judge's subsequent consideration of the Atlanta Federal Case ruling in making his recommendation, in light of his finding that the ruling should not have a preclusive effect in this action.

The Court agrees with Axiom Inc.'s objection and finds that Axiom Inc. may assert the affirmative defense of issue preclusion in response to HTRD's counterclaim, regardless of the fact that Axiom Inc. and Axiom LLC were not adversaries in the Atlanta Federal Case. The doctrine of issue preclusion "bars relitigation of issues actually determined and necessary to the ultimate outcome of a prior proceeding." Bobby v. Bies, 556 U.S. 825, 826 (2009). The doctrine applies when (1) the issue at stake is identical to the one alleged in the prior litigation; (2) the issue was actually litigated in the prior proceeding; (3) the determination of the issue was a critical and necessary part of the judgment in the earlier

action; and (4) the party against whom the earlier decision was asserted had a full and fair opportunity to litigate the issue in the prior proceeding. Greenblatt v. Drexel Burnham Lambert, Inc., 763 F.2d 1352, 1360 (11th Cir. 1985).

Here, the crucial issue of whether Axiom Inc. transferred the intellectual property to Axiom LLC via the 2007 Warranty Bill of Sale was actually litigated in the Atlanta Federal Case when Axiom LLC attempted to assert a trademark infringement counterclaim against the plaintiff. Granting summary judgment in favor of the plaintiff, the court ruled that Axiom LLC lacked standing to assert the counterclaim because it did not own the trademarks. In its ruling, the court expressly ruled that the Warranty Bill of Sale "did not, by its terms, transfer Axiom Inc.'s trademarks, or any intellectual property rights, to Axiom LLC." (Doc. # 1-3 at 8). Further, such determination appears to have been a critical and necessary part of the judgment rendered in the Atlanta Federal Case[2] and HTRD has not provided any evidence to suggest that Axiom LLC did not have a full and fair

---

[2] The court in the Atlanta Federal Case entered a Judgment on April 13, 2012, which states in part, "[I]t is Ordered and Adjudged that the summary judgment rendered against Axiom LLC as to some of its prior counterclaims shall survive the dismissal of the above captioned case and shall remain binding on the parties."  (Doc. # 56-2).

-10-

opportunity to litigate the issue in the Atlanta Federal Case. Accordingly, the elements of Axiom Inc.'s affirmative defense appear to be satisfied.

However, HTRD contends that the doctrine of issue preclusion cannot apply here where the parties (or in the case of HTRD, its predecessor in interest) were not adversaries in the prior case. HTRD asserts that "[i]n order for an adjudication in prior litigation to have preclusive effect, the party asserting preclusion must have actually adversely litigated the claim or issue against the party against whom it would assert the preclusion claim." (Doc. # 29 at 13)[3]. Because Axiom Inc. was not a party to the counterclaim in the Atlanta Federal Case and because Axiom Inc. and Axiom LLC did not assert any cross-claims against one another, HTRD contends that Axiom Inc. cannot assert issue preclusion as a defense here. HTRD cites several cases from other circuits that purportedly support its contention. Id. at 14-16 (citing Am. Tritical, Inc. v. Nytco Svcs., Inc., 644 F.2d 1136 (9th Cir. 1981); Franklin Stainless Corp. v. Marlo Transp. Corp., 748

---

[3] Much of HTRD's argument is contained in its Motion for Partial Summary Judgment (Doc. # 29) which the Court denied without prejudice on March 9, 2012, as prematurely filed. (Doc. # 52). As HTRD has incorporated the summary judgment motion by reference in the instant Motion for Preliminary Injunction, the Court will refer to the summary judgment motion as it regards HTRD's argument as necessary.

F.2d 865 (4th Cir. 1984); Penda Corp. v. United States & Cadillac Prods., Inc., 44 F.3d 967 (Fed. Cir. 1994); Davis & Cox v. Summa Corp., 751 F.2d 1507 (9th Cir. 1985)).

However, as Axiom Inc. rightly argues, the Supreme Court has established that, unlike for the related doctrine of claim preclusion (also called res judicata), the doctrine of issue preclusion does not require mutuality of parties in the prior and instant cases.[4] Indeed, as explained in Allen v. McCurry, 449 U.S. 90, 94-95 (1980), "the Court has eliminated the requirement of mutuality in applying collateral estoppel to bar relitigation of issues decided earlier in federal-court suits, and has allowed a litigant who was not a party to a federal case to use collateral estoppel 'offensively' in a new federal suit against the party who lost on the decided issue in the first case." Id. (citing Blonder-Tongue Labs, Inc. v. Univ. of Ill. Found., 402 U.S. 313 (1971), and Parklane Hosiery Co. v. Shore, 439 U.S. 322 (1979)). Likewise,

---

[4] Much of HTRD's argument and case law pertain to the doctrine of res judicata, under which "a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." Parklane Hosiery Co., Inc., 439 U.S. 322, 326 n. 5 (1979). Axiom Inc. does not contest that res judicata requires mutuality of parties between the previous and current claims and that such requirement is not satisfied in this case. Accordingly, the Court limits its analysis to the viability of Axiom Inc.'s issue preclusion defense.

defensive collateral estoppel, which occurs when "a defendant seeks to prevent a plaintiff from asserting a claim that the plaintiff has previously litigated and lost against another defendant," Parklane Hosiery Co., 439 U.S. at 322, necessarily anticipates that the defendant in the second claim will be different from the defendant in the prior claim. As it relates to HTRD's counterclaim and Motion for Preliminary Injunction, Axiom Inc. seeks to invoke issue preclusion defensively.

HTRD asserts that "Axiom LLC (not Axiom, Inc.) and NAM were the only two parties to the Axiom LLC counterclaim litigation." (Doc. # 29 at 11). Thus, Axiom Inc. was by HTRD's own acknowledgment a non-party to the prior counterclaim litigation. Given the abundant controlling case law holding that a non-party to a prior claim may invoke issue preclusion against a party who was, the Court fails to see why Axiom Inc. -- a non-party to the counterclaim -- should be precluded from bringing such defense here. Regardless of who Axiom LLC's opponent was in the prior case, the fact remains that the issue of whether Axiom LLC obtained ownership of the subject trademarks through the 2007 Warranty Bill of Sale has previously been heard and decided by a federal court. Either Axiom LLC obtained the trademarks from Axiom Inc. in 2006 or

-13-

it did not. Such a determination does not turn on or change based on who Axiom LLC claims has infringed those trademarks. Furthermore, the very purpose of defensive collateral estoppel is to "preclude[] a plaintiff from relitigating identical issues by merely 'switching adversaries,'" Parklane Hosiery Co., 439 U.S. at 329, which is what HTRD appears to be doing here. See Blonder-Tongue Labs., Inc., 402 U.S. 313 (holding that in a patent infringement suit, a patentee is estopped to assert the validity of a patent that has been declared invalid in a prior suit in federal court against a different defendant). Thus, the Court finds that Axiom Inc. may assert the affirmative defense of issue preclusion in this case.

Notwithstanding the above, the Court is mindful that the defense of issue preclusion is Axiom Inc.'s to prove and that "[w]hile defensive use of nonmutual collateral estoppel is an accepted practice, it must still conform to the requirements of fairness. . . . The most significant safeguard in applying estoppel is the requirement of determining whether the party against whom an estoppel is asserted had a full and fair opportunity to litigate." United States Golf Learning Inst., LLC v. Club Managers Ass'n of Am., No. 8:11-cv-2184, 2012 WL 768201, *5 (M.D. Fla. Mar. 9, 2012)(internal quotations and citations omitted). Additionally, issue preclusion may be

-14-

inapplicable where newly discovered evidence is provided but "only if the party against whom the doctrine is asserted was deprived of that evidence in the prior litigation through no fault of his own." Id. (citing In re Ga. Granite Co., Inc., 86 B.R. 733, 739 (Bankr. N.D. Ga. 1988)).

At this juncture, HTRD has not demonstrated that Axiom LLC was denied a full and fair opportunity to litigate the trademark ownership issue in the Atlanta Federal Case and has not introduced newly discovered evidence of which Axiom LLC was deprived in the prior case. Thus, the Court finds that HTRD has not met its burden of showing a substantial likelihood that it will succeed in overcoming Axiom Inc.'s issue preclusion affirmative defense, and thus, preliminary injunctive relief is not warranted. The Court, therefore, accepts and adopts Judge McCoun's ultimate recommendation to deny the Motion for Preliminary Injunction because HTRD has failed to demonstrate a substantial likelihood of success on the merits.

The Court makes clear, however, that its ruling herein should not be interpreted as a dispositive ruling that the doctrine of issue preclusion bars HTRD's counterclaim or dictates a ruling in Axiom Inc.'s favor on its own claims. While Axiom Inc. would have the Court rule at this juncture

that the doctrine of issue preclusion effectively bars HTRD's counterclaim and necessitates a dispositive ruling in its favor, the Court declines to do so. At this juncture, the Court is called upon only to determine whether HTRD has established entitlement to a preliminary injunction and, having found that Axiom Inc.'s affirmative defense based on the doctrine of issue preclusion is viable in this case, the Court has found that HTRD has failed to meet its burden. However, the issues of whether Axiom Inc. can actually prove its affirmative defense and whether HTRD can demonstrate any of the avenues to preclude the affirmative defense described above remain for determination at the appropriate procedural juncture, either through summary judgment or trial.

Additionally, having determined that HTRD has failed to demonstrate a substantial likelihood of success on the merits due to the viability of Axiom Inc.'s issue preclusion affirmative defense, the Court need not further address the underlying merits of the dispute -- including whether the term "goodwill" in the Warranty Bill of Sale necessarily transferred the intellectual property at issue, whether judicial estoppel applies to acts and statements by Axiom

Inc.'s representative James Gibson, etc. -- and reserves analysis of such issues for the summary judgment stage.[5]

Thus, upon due consideration of the entire record, including the Report and Recommendation, the objections and the responses, the Court sustains Axiom Inc.'s objection, overrules HTRD's objections, adopts the Report and Recommendation in part and denies the Motion for Preliminary Injunction. The parties' requests for oral argument on their objections are accordingly denied as moot. Additionally, the parties' Joint Stipulated Motion to Continue and Reschedule Trial (Doc. # 89), in which the parties seek a continuance of all of the case management deadlines and the May 2013 trial due to the pending Motion for Preliminary Injunction and Report and Recommendation, is denied without prejudice as moot. If the parties have any other bases for requesting the deadline extensions, the parties may submit a revised motion for the Court's consideration.

Accordingly, it is hereby

---

[5] Furthermore, in its response to Axiom Inc.'s objection, HTRD raises for the first time an argument regarding collusion between the parties in the Atlanta Federal Case in obtaining the final judgment, but does not supply any evidence to support such claim. To the extent that such argument is relevant to Axiom Inc.'s issue preclusion defense (as opposed to a res judicata defense) or any other issues in this case, the Court will consider the argument, if raised, upon appropriate briefing at the summary judgment stage.

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Report and Recommendation of Thomas B. McCoun III, United States Magistrate Judge (Doc. # 76) is **ACCEPTED AND ADOPTED in part** as detailed herein.

(2) Defendant/Counterclaim-Plaintiff HTRD Group Hong Kong Limited's Motion for Preliminary Injunction (Doc. # 45) is **DENIED.**

(3) Defendant's HTRD Group Hong Kong Limited's Request for Oral Argument Upon Objections to Report and Recommendation (Doc. # 78) and Axiom's Request for Oral Argument (Doc. # 83) are **DENIED AS MOOT.**

(4) The parties' Joint Stipulated Motion to Continue and Reschedule Trial (Doc. # 89) is **DENIED WITHOUT PREJUDICE AS MOOT.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 17th day of September, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record