UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AXIOM WORLDWIDE, INC.,
a Florida Corporation,

        Plaintiff,

v.

                                            Case No.:  8-11 CV-1468-T-33 TBM

HTRD GROUP HONG KONG LIMITED a/k/a
HTRD GROUP HONG KONG LIMITED, INC.;
RYZUR MEDICAL, INC.; RYZUR MEDICAL
GROUP; RYZUR MEDICAL INVESTMENT CO.,
LTD; EXCITE MEDICAL CORP; EXCITE
DIAGNOSTICS, LLC; ELTECH USA, LLC;
DAVID REN; SALEEM N. MUSALLAM;
ANDREW DEWEERD; HARLON PARCHMENT;
COREY BROWNWELL; ANHUI RYZUR; AXIOM
MEDICAL DEVICES, LTD;

        Defendants.

_____/

## DEFENDANTS' MOTION TO QUASH AND FOR PROTECTIVE ORDER

Plaintiff has notified Defendants' trial counsel, Lee Atkinson, of an intention to

depose him and has served a notice duces tecum for October 16, 2012.  (See attached.)

While a subpoena has not actually been issued, when Mr. Atkinson failed to persuade or get

agreement from Mr. Frick that such a deposition was inappropriate, Mr. Atkinson indicated

he would accept e-service of a subpoena.  While it has not been served yet, in light of the

notice and Mr. Frick's unwillingness to agree not to take the deposition, this timely motion is

in order.

A plaintiff seeking to take the deposition of a defendant's trial counsel must overcome the presumptions that the deposition of the attorney would harass the attorney, delay the case, increase costs and threaten the attorney/client relationship. *West Peninsular Title Co. v. Palm Beach County*, 132 F.R.D. 301, 302 (S.D. Fla. 1990). In that regard, attached is the proposed production to be required of counsel at his deposition. It is overbroad in scope and clearly would require the production of work product and attorney/client privileged communications and extensive time and effort to create a privilege/work product log.

As *West Peninsular Title Co.* makes clear, the party seeking the deposition must show that it is the only practical means available of obtaining relevant information and that the information will not invade work product protections or attorney/client privilege. The information must be relevant and the need must outweigh the dangers of deposing the attorney. In *West Peninsular Title Co.*, the court granted the motion for protective order, finding that the deposition might reveal confidential communications and that other forms of discovery were available and that the plaintiff had written correspondence from the attorneys concerning the evidence they sought to obtain at the deposition. *See also, Klayman v. Freedom's Watch, Inc.*, 2007 W.L. 4414803 (S.D. Fla. 2007) (granting motion for protective order where plaintiff already received the information through other depositions and discovery, the information was privileged and was not crucial).

As the case law makes clear, in practice the party seeking the deposition can almost never meet the *West Peninsular Title Co.* standard. For example, in *Steinig v. McDonald's Corp.*, 1998 W.L. 1064841 (S.D. Fla. Jan. 12, 1998), the party seeking the deposition argued that the relevant information was not otherwise obtainable. The court disagreed, finding that the inquiry was actually into the plaintiff's state of knowledge and the plaintiff should be deposed rather than plaintiff's counsel. In *Lajoie v. Pavcon, Inc.*, 1998 W.L. 526784 (M.D. Fla. 1998), the plaintiff did not show a "strong need for the deposition," or "that it has attempted to obtain this type of information from other sources." The court found the deposition was not the only practical means of obtaining the information.

The U.S. District Court for the Southern District of Florida has also required that the information be "crucial to preparation of the case." *American Federation of State, County, and Municipal Employees Council 79 v. Scott*, 277 F.R.D. 474, 479 (S.D. Fla. 2011). In *Scott*, even though the defendant attempted to narrow the scope of the subpoena for these purposes, the court held that testimony would raise an unnecessary burden and privilege issues outweighing the relevance of the information.

Based upon the pleadings and previous conversations with attorney Frick, counsel can only speculate as to the thrust and purpose of the deposition but is not aware of any relevant non-privileged information which is not available from other sources. Speculative conspiratorial theories as to the need for and relevance of information from trial counsel are certainly insufficient to meet the standards set for the deposition of a party's trial counsel. Since the movant anticipates that Mr. Frick will attempt to articulate some grounds for the

3

deposition in great detail, movant must rely upon the court to carefully scrutinize the Plaintiff's response to this motion and if it deems a reply necessary, permit it.

The Defendants have a joint defense agreement in place. Moreover, though Nicholas Exarhos has not been sued, Plaintiff's pleadings have cast aspersions upon him as well. He was a fifty percent owner of the "LLC" and is still a fifty percent owner of the "Inc." He has been a client of Forizs & Dogali, P.A. since December of 2009 and is a client now. Questions to Mr. Atkinson about him would also invoke the attorney-client privilege.

Mr. Atkinson did not undertake to represent HTRD until October of 2010 and did not advise it as to the purchase of the assets from Progress Bank nor directly participate in its registration of trademarks or its filings with the FDA.

## CONFERENCE WITH OPPOSING COUNSEL

This subject has been discussed by counsel on more than one occasion as have Mr. Frick's conspiratorial theories. Plaintiff remains adamant about attempting to take Mr. Atkinson's deposition. Efforts to avoid the deposition have proved fruitless. The Motion to Quash and for Protective Order should be granted.[1]

---

[1] Plaintiff has also set the depositions of attorneys for HTRD in Texas. The Texas law firm represented HTRD in its applications to the FDA and to the U.S. Patent & Trademark Office. While that law firm has not been sued, by implication and innuendo, the Plaintiff has suggested in its pleadings that they somehow assisted in the perpetration of a fraud upon the U.S. Patent & Trademark Office. After careful consideration of the issue, HTRD has consented to these attorneys being deposed and they have agreed to be deposed – though the date for their deposition was not coordinated with anyone but picked without consultation by Mr. Frick. It may or may not turn out to be a date the lawyers are available and the issues of work produce and privilege have not been directly addressed.

4

## CONCLUSION

The Motion to Quash and for a Protective Order precluding the deposition of Mr. Atkinson, lead trial counsel for the Defendants, should be granted and an order prohibiting it entered.

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on the 3rd day of October, 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF and served a copy on counsel of record identified below via transmission of Notice of Electronic Filing generated by CM/ECF:

Scott A. Frick, Esq.,
Frick Law Group, P.A.
1005 N. Marion Street
Tampa, FL 33602
sfrick@fricklawgroup.com

Dennis Meyers, Meyers Law, P.A.
8001 N. Dale Mabry Hwy., Suite 401C
Tampa, FL 33614
(dennis@meyerslawpa.com)

**FORIZS & DOGALI, P.A.**

*/s/ Lee Wm. Atkinson*
Lee Wm. Atkinson, Esquire
Fla. Bar No.:  340375
latkinson@forizs-dogali.com
Zala L. Forizs, Esquire
Fla. Bar No.:  0151150
zforizs@forizs-dogali.com
4301 Anchor Plaza Parkway, Suite 300
Tampa, FL 33634
Telephone:  (813) 289-0700
Facsimile:  (813) 289-9435

5