UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AXIOM WORLDWIDE, INC.,

      Plaintiff,

v.                                             Case No.  8:11-cv-1468-T-33TBM

HTRD GROUP HONG KONG LIMITED
ET AL.,

      Defendants.

_____/

## O R D E R

THIS MATTER is before the Court for a hearing on the following five motions:

(1) **Defendants' Motion to Quash and for Protective Order** (Doc. 93):

(2) **Defendants' Motion to Quash and for Protective Order** (Doc. 94)[1] and Axiom

Worldwide, Inc.'s Response to HTRD's Motion for Protective Order (Doc. 113);

(3) **Axiom's Motion to Compel Discovery and to Extend Axiom's Discovery**

**Deadline** (Doc. 106),[2] and Defendants' response in opposition (Doc. 118);[3]

---

    [1]The motions (Docs. 93 and 94) appear identical.  However, counsel was directed by the clerk to file the motion for protective order separately, and thus the Motion to Quash is docketed as Doc. 93 and the Motion for Protective Order is docketed as Doc. 94.

    [2]Axiom has filed deposition transcripts along with exhibits and other documents in support of its motions.  *See* (Docs. 107, 109, 128-41).

    [3]A Notice of Filing Reference Documents (Doc. 119) with attached documents was filed in support of Defendants' response in opposition (Doc. 118).

(4) **Axiom's Second Motion to Compel Discovery and to Extend Axiom's Discovery Deadline** (Doc. 110); and

(5) **Axiom's Third Motion to Compel Discovery and to Extend Axiom's Discovery Deadline** (Doc. 111) and Defendants' response in opposition to Axiom's Second and Third Motions to Compel (Doc. 120).

A hearing on the motions was held November 27, 2012. Upon consideration, the Court rules as follows.

**Defendants' Motion to Quash and Motion for Protective Order** (Docs. 93, 94) are **GRANTED**. As noted at the hearing, the Court finds the duces tecum notice forwarded to Mr. Atkinson overly broad and unduly burdensome. It suggests an overbroad, potentially harassing scope to the inquiry intended for this opposing counsel and one likely to raise numerous issues concerning confidentiality and privilege. Significantly, Plaintiff fails to demonstrate at this time that the information it seeks from opposing counsel is not otherwise available to it and that deposing Mr. Atkinson is necessary to its preparation. Leave is granted to Plaintiff to proceed with timely depositions of Texas counsel if it wishes to pursue the same.

For reasons more thoroughly addressed at the hearing, **Axiom's motions** (Doc. 106, 110, and 111) are **granted in part and denied in part** as follows.

To the extent, Plaintiff seeks an extension of discovery, the motion is **granted** as it relates to the following matters.

2

To the extent that Plaintiff's motions seek to compel Defendants to respond to interrogatories, the motions are **granted** to the extent such answers have not yet been produced.  Each Defendant with outstanding interrogatory responses shall serve the responses within fourteen (14) days from the date of this Order.  There appears no valid excuse for the failure to timely respond to these interrogatories.  Thus, except where properly objected to, each outstanding interrogatory must be properly and adequately responded to.  The failure to respond within this time frame shall result in the imposition of sanctions against the witness and perhaps, their counsel.

To the extent that Plaintiff seeks a continuation of the depositions of Livia Fernandes and David Ren, the motions are **granted in part**.  As discussed at the hearing, the Court will permit the deposition duces tecum of Mr. Ren and a limited continuation of Ms. Fernandes's deposition duces tecum.  As for Mr. Ren, he shall appear in Tampa, Florida at a mutually agreeable time withing thirty (30) days from the date of this Order (or as otherwise agreed by counsel).  Expenses related to his travel and stay shall be borne by Mr. Ren.  Plaintiff shall have available at the deposition a fully qualified interpreter capable of communicating in English and Mandarin Chinese.  Expenses for the interpreter shall, in the first instance, be borne by Plaintiff.  To the extent that the Defendants have made the document production ordered below, Mr. Ren need not duplicate that production at his deposition.  As for Ms. Fernandes, it appears from her initial deposition that since her employ with Excite Medical she has been the responsible party and the custodian on behalf of the company in its filings and dealings with the U.S. Food and Drug Administration (FDA) and other similar foreign

entities related to the DRX devices at the center of this dispute.  She also claims responsibility
for all matters concerning quality assurance related to the DRX devices which the company
has assembled and distributed.  Moreover, she claims responsibility for purchasing from
HTRD on behalf of Excite Medical and for tracking the DRX devices sold or distributed by
Excite Medical.  Accordingly, at her follow-up deposition, Ms. Fernandes shall produce all
records related to her regulatory activities that are within her possession, custody or control,
including all applications, registrations, communications, FDA 510k's or similar documents
employed in foreign countries, for any DRX device, as well as records reflecting on Excite
Medical's purchases of components and other materials from HTRD for any DRX device, and
records revealing Excite Medical's distribution chain and actual distributions of DRX devices.
Such deposition shall occur at a mutually agreeable time and place withing thirty (30) days
from the date of this Order.[4]

　　　As for the request to re-depose Mr. Musallam, the motion is **denied without
prejudice**.  I have read the deposition of Mr. Musallam and find it rather thorough, if not
always enlightening.  An order granting an additional deposition at this time seems premature.
The matter of the inadequate document production from Excite Medical is addressed below.
If, after additional record production, Plaintiff can demonstrate specific areas for which
additional inquiry of Mr. Musallam is necessary, it may motion the court for leave to conduct
such inquiry.

---

[4]The court recommends that the deposition of Ms. Fernandes take place on the
premises of Excite Medical where the witness's records are said to be located.

On the whole, it appears that Defendants' document production has been woefully inadequate and untimely.  Even for matters for which there was no initial objection and for matters Defendants initially agreed to produce, no such production has occurred apart from documents brought to his deposition by Mr. Musallam and a limited additional production. Production of such matters is long overdue.  Accordingly, while I find some of Defendants' objections to the requests to produce well-taken and the scope of some requests overbroad, Axiom's motions are **granted** to the extent that within twenty-five (25) days from the date of this Order, Defendants shall produce:

1) all documents they previously agreed to provide which have not yet been provided;

2) all documents they rely upon in support of any defense asserted and any counterclaim made;

3) all non-privileged documents related to the "ABC proceeding" and the purchase of the assets of "the LLC";

4) all non-privileged documents employed by any Defendant or representative of any Defendant and all communications by and between any Defendant or representative of any Defendant and the United States Patent and Trademark Office (USPTO) or similar entity of any foreign government, including applications, registrations, certificates, and communications to and from the USPTO or other such foreign entity, in connection with the registration of any trademark or DRX device in dispute in this case;[5]

---

[5]Plaintiff has previously identified through its "Exhibit 1" to the subpoenas duces tecum and notices the DRX devices, trademarks and FDA registrations and listings at issue.

5

5)  all non-privileged documents employed by any Defendant or representative of any Defendant including all communications by and between any Defendant or representative of any Defendant and the FDA or similar entity of any foreign government, including applications, registrations, certifications and communications to and from the FDA or other such foreign entity, concerning any registration, listing, 510k or its equivalent related to the trademarks or DRX devices at issue in this case;

6)  all documents evidencing any Defendants' efforts to license or otherwise authorize, market, distribute, and lease or sale of any trademark, FDA registration or listing or an equivalent from a foreign government, or any DRX device at issue in this case, including unredacted financial records or financial statements reflecting on the scope of the same;

7)  copies of any documents transferred by any Defendant or representative of any Defendant to any representative of North American Medical Corporation (NAM) in connection with intellectual property in dispute in this case;

8)  all documents Defendants intend to rely upon to defeat Axiom's claim of issue preclusion based on the order of Judge Carnes in the NAM litigation;

9)  copies of all postings on www.drx9000truth.com or www.axiomworldwide.com related to the trademarks, registrations and listings and DRX devices at issue in this suit; and

10)  originals or copies of Axiom, Inc.'s design drawings and manufacturing instructions, and contracts with its distributors.

Defendants' production obligations hereunder extends to such matters as they have in their possession, custody, or control and includes ESI as well as hard copies of documents.

Those documents previously produced need not be produced again, apart from unredacted financial records.  In making any additional production, Defendants shall either make such available to Plaintiff and/or produce documents in an organized fashion and shall identify the entity or person from whom the production was made.

Finally, Plaintiff shall be permitted access to any Axiom Inc. or Axiom LLC computer server obtained by HTRD from Progress Bank for review of its contents and copying of relevant historical records.[6]

**Done and Ordered** in Tampa, Florida, this 30th day of November 2012.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record

---

[6]According to Mr. Musallam, the server is at Excite Medical.