```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

AXIOM WORLDWIDE, INC.,

        Plaintiff,

v.                                  Case No.  8:11-cv-1468-T-33TBM

HTRD GROUP HONG KONG LIMITED,
ET AL.,

        Defendants.
_____/

## ORDER

This matter comes before the Court pursuant to Axiom Worldwide, Inc.'s Objections to Judge McCoun's Order Granting Defendants' Motion for Protective Order as to the Deposition of Lee Wm. Atkinson (Doc. # 157), filed on December 14, 2012. Defendants filed a response in opposition to the objections on December 21, 2012. (Doc. # 161).  Upon due consideration, Axiom Inc.'s objections are sustained in part and overruled in part.

## I. Background

Plaintiff Axiom Worldwide, Inc. initiated this trademark ownership and infringement declaratory judgment action on July 1, 2011 (Doc. # 1).  Axiom Inc. filed a verified amended complaint on August 26, 2011, in which it alleges that it is the owner of certain intellectual property, including certain trade secrets, trademarks, registered marks, trade names, and

copyrights of the designs and drawings of products marketed under the trademarks. (Doc. # 20). Axiom Inc. seeks declaratory and injunctive relief as well as damages against Defendant HTRD Group Hong Kong Limited and various affiliated entities, agents, and former Axiom Inc. employees, who are all also named as defendants, for alleged trademark and copyright misappropriation and infringement, unfair competition, breach of confidentiality agreements, providing false information to the U.S. Patent and Trademark Office (USPTO), and interference with business relationships. Id.

On July 25, 2011, in response to the original complaint, HTRD and the other defendants filed a counterclaim against Axiom Inc. (Doc. # 5). In the counterclaim, HTRD alleges that in 2006, Axiom Inc. transferred all of its assets to non-party Axiom Worldwide, LLC, via a Warranty Bill of Sale executed in February 2007. Id. at 18. HTRD contends that the term "goodwill" in the Warranty Bill necessarily included the intellectual property at issue in this case. Id. In 2010, Axiom LLC transferred its acquired assets to Progress Bank. Id. at 22. HTRD submits that on July 16, 2010, it purchased all of the assets from Progress Bank, "including the goodwill carried on the books of Axiom LLC and therefore, the intellectual property and trademarks that [Axiom] LLC had been

2

using for the last four years." Id. HTRD subsequently registered the trademarks with the USPTO. Id. at 23. Accordingly, HTRD seeks a declaratory judgment that it is the rightful owner of the intellectual property and that Axiom Inc. has infringed on HTRD's trademarks and copyrights, intentionally interfered with HTRD's business relationships, engaged in unfair competition, and misappropriated HTRD's trade secrets. Id. at 24.

Relevant to this case and the pending objections is the case of North American Medical Corp. v. Axiom Worldwide, Inc., et al., No. 1:06-cv-1678-CCH, which was brought by a non-party ("NAM") against both Axiom Inc. and Axiom LLC in the U.S. District Court for the Northern District of Georgia (the "Atlanta Federal Case").[1] During the course of the Atlanta Federal Case, NAM and HTRD (a non-party to the Atlanta Federal Case) entered into an agreement pursuant to which NAM agreed that, in the event it ultimately obtained a judgment against Axiom Inc. or Axiom LLC, it would refrain from executing on

---

[1] In the Atlanta Federal Case, the court granted summary judgment in favor of NAM on Axiom LLC's counterclaim for trademark infringement, based on the court's determination that Axiom LLC lacked standing to bring the counterclaim because it did not own the trademarks at issue. (Doc. # 1-3 at 8-9). The court ruled that "the 2007 Warranty Bill of Sale did not, by its terms, transfer Axiom Inc.'s trademarks, or any intellectual property rights, to Axiom LLC." Id. at 8.

3

any intellectual property owned at the time by either Axiom Inc. or Axiom LLC, in exchange for HTRD providing all of the emails and documents contained on a computer server previously owned by Axiom LLC. (Dorvee Aff. Doc. # 113-8 at ¶¶ 6-7). HTRD's current trial counsel, Lee Wm. Atkinson, proposed and negotiated this agreement with NAM's counsel on HTRD's behalf. Id. at ¶ 5.

On or about October 1, 2012, Axiom Inc. served Mr. Atkinson with a subpoena *duces tecum* in this action, which noticed his deposition for October 16, 2012. (Doc. # 93-1). HTRD filed a motion to quash the subpoena and for protective order on October 3, 2012, arguing that the subpoena was overbroad in scope and would require the production of attorney work product and attorney/client privileged communications. (Doc. ## 93, 94). HTRD further argued that all relevant non-privileged information Mr. Atkinson could provide could be obtained from other sources. Axiom Inc. filed a response in opposition to the motion on October 31, 2012, arguing that Mr. Atkinson "is a material witness to the improper conduct of the Defendants -- if not the architect of that conduct -- both here in the United States and abroad." (Doc. # 113 at 2).

After conducting a hearing on the motion, Judge Thomas B.

4

McCoun III, United States Magistrate Judge, granted HTRD's motion and quashed the subpoena. (Doc. # 143). Judge McCoun found the subpoena "overly broad and unduly burdensome" and "likely to raise numerous issues concerning confidentiality and privilege." Id. at 2. Judge McCoun's Order states that Axiom Inc. "fails to demonstrate at this time that the information it seeks from opposing counsel is not otherwise available to it and that deposing Mr. Atkinson is necessary to its preparation." Id.

Axiom Inc.'s objections to Judge McCoun's Order are now before the Court. (Doc. # 157).

## II. **Legal Standard**

A district court shall consider objections to a magistrate judge's order on nondispositive matters and modify or set aside any portion of the order if it is found to be "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a). A finding of fact is clearly erroneous only if the reviewing court is left with a definite and firm conviction that a mistake has been made. See Ford v. Haley, 195 F.3d 603, 617 (11th Cir. 1999). A finding is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure. 800 Adept, Inc. v. Murex Sec., Ltd., No. 6:02-cv-1354-Orl-19AB, 2007 U.S. Dist. LEXIS 70861, at *6

(M.D. Fla. Sept. 25, 2007).

### III. Analysis

#### A. Test for Allowing Attorney Depositions

In HTRD's motion to quash and for protective order, HTRD requests that the deposition of Mr. Atkinson not be taken at all. "A protective order which prohibits a deposition is rarely given." LaJoie v. Pavcon, Inc., No. 97-312-CIV, 1998 WL 526784, at *1 (M.D. Fla. June 24, 1998)(citations omitted). However, "the depositions of attorneys who represent parties in an action are an invitation to harass the attorney and the party, to cause delay, and to disrupt the case." Id. Thus, while nothing in the Federal Rules of Civil Procedure prohibits the deposition of a party's attorney, "federal courts generally disfavor such depositions and permit them in only limited circumstances." Covington v. Walgreen Co., No. 1:11-cv-22900, 2012 WL 2120776, at *3 (S.D. Fla. June 11, 2012).

In its objections, Axiom Inc. correctly notes that the Eleventh Circuit has yet to rule on the appropriate test to be applied when considering whether to allow the deposition of a party's attorney, and the circuit courts are split on the issue. (Doc. # 157 at 12). Axiom Inc. urges the Court to adopt and apply the "flexible test" that has been articulated

6

by the Second Circuit. "Under the 'flexible test,' the operative inquiry is 'whether the proposed deposition would entail an inappropriate burden or hardship' on the responding party." Covington, 2012 WL 2120776, at *3 n.7 (quoting In re Subpoena Issued to Dennis Friedman, 350 F.3d 65, 71-72 (2d Cir. 2003)). Axiom Inc. contends that under the flexible test, "Axiom Inc. would clearly be entitled to take the deposition of Lee Wm. Atkinson." (Doc. # 157 at 5 n.2).

On the other hand, the Fifth, Sixth, and Tenth Circuits have adopted the test set out by the Eighth Circuit in Shelton v. American Motors Corp., 805 F.3d 1323 (8th Cir. 1986). See Nguyen v. Excel Corp., 197 F.3d 200, 208 (5th Cir. 1999); Nationwide Mut. Ins. Co. v. Home Ins. Co., 278 F.3d 621, 628-29 (6th Cir. 2002); Boughton v. Cotter Corp., 65 F.3d 823, 830 (10th Cir. 1995). Under the Shelton test, the moving party must show that "(1) no other means exist to obtain the information than to depose opposing counsel, (2) the information sought is relevant and non-privileged, and (3) the information is crucial to the preparation of the case." Shelton, 805 F.3d at 1327.

Although the Eleventh Circuit has yet to adopt any test on the issue, courts in this circuit have often applied the Shelton test. See, e.g., In re Douglas Asphalt Co., 436 B.R.

7

246, 250 (Bankr. S.D. Ga. 2010)("The Law Firms must satisfy the Shelton test if they wish to depose Mills."); D.O.T. Connectors, Inc. v. J.B. Nottingham & Co., Inc., No. 4:99-cv-311, 2001 WL 34104929, at *1-2 (N.D. Fla. Jan. 22, 2001) (articulating and applying the Shelton test). Other courts in this circuit have applied the Shelton test, along with the inclusion of an additional factor.

For example, in LaJoie, the court ruled that a "party seeking to take the deposition of another party's counsel must . . . show[] the propriety and the need for the deposition and must demonstrate that this deposition is the only practical means available for obtaining the information." LaJoie, 1998 WL 526784, at *1 (citations omitted). However, in addition to these Shelton factors, the LaJoie court ruled that the information sought must not only be relevant but "its need must outweigh the dangers of deposing a party's attorney." Id. (quoting W. Peninsular Title Co. v. Palm Beach Cty., 132 F.R.D. 301, 302-03 (S.D. Fla. 1990)). Other courts in this circuit have followed suit. See Covington, 2012 WL 2120776, at *3 ("[T]he movant must show that: (1) the deposition is the only practical means of obtaining the information; (2) the information sought will not invade the realm of the attorney's work product or interfere with the attorney-client privilege;

(3) the information sought is relevant and crucial to the preparation of the case; and (4) the movant's needs outweigh the dangers of deposing the party's attorney."). Conversely, Axiom Inc. has not provided, and the Court has not discovered, any cases in which a court in this circuit applied the Second Circuit's flexible test now advocated by Axiom Inc.

Accordingly, although the Court acknowledges that the Eleventh Circuit has not ruled on the issue, the Court determines that Axiom Inc. must satisfy the requirements of the <u>Shelton</u> test, plus the additional factor set out in <u>West Peninsular Title</u>, <u>LaJoie</u>, and <u>Covington</u>, in order to depose HTRD's counsel, Mr. Atkinson.

**B.   Satisfaction of Requirements**

Axiom Inc. seeks to depose Mr. Atkinson regarding the facts relating to Mr. Atkinson's drafting of several opinion letters on behalf of HTRD. Axiom Inc. suggests that one such opinion letter, dated July 12, 2011, ultimately provided the basis for HTRD's allegedly false application to the USPTO, which resulted in HTRD obtaining registration of the pertinent trademarks in this case. Axiom Inc. contends that several subsequent opinion letters authored by Mr. Atkinson and sent to authorities in China were used to "facilitate the improper regulatory approval and subsequent improper sales of the

9

imitation medical devices by HTRD and the other Defendants in this case." (Doc. # 157 at 10). Axiom Inc. also wishes to depose HTRD's counsel regarding the agreement entered into between HTRD and NAM in the Atlanta Federal Case, as well as HTRD's decision not to intervene in that case. Axiom Inc. asserts that it needs to depose Mr. Atkinson because he is the person with the most knowledge concerning both the relevant opinion letters and the NAM agreement. In response, HTRD argues that the issues about which Axiom Inc. intends to depose Mr. Atkinson are protected by the work product privilege or are otherwise irrelevant or immaterial to the issues in this case, such that Axiom Inc. cannot satisfy the Shelton test.

### 1. **Opinion Letters**

The Court concludes that based on the facts in the instant case, Axiom Inc. has established a need for taking the limited deposition of HTRD's counsel regarding the opinion letters issued on HTRD's behalf by Mr. Atkinson. This is not a simple trademark ownership case involving merely a legal determination of who owns certain trademarks based on the interpretation of a written contract. Rather, Axiom Inc.'s amended complaint also contains allegations that HTRD "is wrongfully attempting to claim ownership of the 510(k)s,

10

Trademarks and other Intellectual Property that belongs to Axiom, Inc.[,]" that HTRD "has intentionally submitted false and misleading documents and statements to the [USPTO] in violation of 15 U.S.C. § 1120 and other federal and state laws[,]" and that HTRD "has manipulated its acquisition of the assets of Axiom, LLC to improperly induce the USPTO to reflect that HTRD is now a listed owner of these trademarks." (Doc. # 20 at ¶¶ 45-46, 54). Accordingly, the amended complaint requests the Court to "[o]rder[] the USPTO to amend its records to properly show that [Axiom Inc.] is the owner of the Trademarks at issue in this case." Id. at 26.

The Court agrees with Axiom Inc. that at this juncture, this opinion letter written by Mr. Atkinson on behalf of HTRD, if in fact it formed the basis of HTRD's trademark registration application as Axiom Inc. contends, could reasonably be regarded as part of, perhaps even the genesis of, the chain of events which comprise the wrongful conduct alleged above.  Accordingly, the Court finds that certain facts surrounding the creation, purpose, and distribution of this letter may be relevant to the issues in dispute as to whether HTRD intentionally misled and manipulated the USPTO into registering the trademarks in its name.

Similarly, the amended complaint alleges that "HTRD

11

continues to cause confusion in the marketplace and continues to violate the protected territories of several Axiom Inc. exclusive distributors, specifically in China . . . and has circulated false and misleading information to other international distributors of Axiom Inc." Id. at ¶ 4. Such allegations and others form the basis of Axiom Inc.'s trademark infringement, unfair competition, and interference with business relationships claims. The Court agrees with Axiom Inc. that Mr. Atkinson's opinion letters issued to various Chinese authorities on October 10, 2011, November 1, 2011, and November 22, 2011, could reasonably be regarded as part of the alleged wrongful conduct detailed above.

For instance, Mr. Atkinson's letter dated November 1, 2011, and addressed to a hospital in Beijing, China, states that "Since July 16, 2010, only [HTRD] has had the right to license or convey any distribution rights on a worldwide basis for the DRX 9000. Therefore, any letters, licenses or contracts granting distribution rights previously issued by Axiom Worldwide, Inc. or Axiom Worldwide, LLC prior to July 16, 2010 are now void." (Doc. # 113-6 at 3). Although dependant of course on the ultimate determination of the rightful trademark holder, at this point in the case, such language could certainly form the basis of trademark

12

infringement, unfair competition and interference with business relationships claims. Thus, the Court finds that the facts surrounding the October 10, 2011, November 1, 2011, and November 22, 2011, opinion letters sent by Mr. Atkinson on behalf of HTRD are sufficiently relevant to the issues in dispute to warrant a limited deposition on the issue.

Regarding all of the relevant opinion letters authored by HTRD's counsel, the Court further finds that Axiom Inc. has sufficiently established that deposing Mr. Atkinson is the only practical means of obtaining the information sought, that the information is crucial to Axiom Inc.'s case, and that Axiom Inc.'s need for such information outweighs the danger of deposing HTRD's counsel.

Accordingly, the Court will sustain Axiom Inc.'s objection as it pertains to the opinion letters authored by Mr. Atkinson and will allow Axiom Inc. to depose Mr. Atkinson regarding only his non-privileged, personal knowledge of the facts surrounding the opinion letters. However, although Axiom Inc. states that "it does not intend to cover matters that remain privileged" (Doc. # 157 at 3), Axiom Inc. has not provided any specifics as to the questions it seeks to ask Mr. Atkinson at his deposition. Thus, the Court remains mindful of HTRD's attorney-client privilege and work product concerns

13

on this issue. Therefore, the Court directs that Axiom Inc. may depose Mr. Atkinson only by written questions. Furthermore, Axiom Inc. shall submit all such written questions to Judge McCoun beforehand, for review and approval, so that the Court may ensure that the information sought will not improperly invade the realm of counsel's work product or interfere with the attorney-client privilege in order to prevent the deposition from becoming an exercise in futility due to objections. See Cox v. Administrator U.S. Steel & Carnegie, 17 F.3d 1386, 1423 (11th Cir. 1994)(holding that the district court did not abuse its discretion in ruling that plaintiffs may depose the defendants' attorney only by written questions).

Axiom Inc. also requests to depose Mr. Atkinson regarding two opinion letters authored by HTRD's Texas attorney, Kevin Madden. (Doc. # 113 at 8; Doc. # 157 at 3). However, the Court finds that Axiom Inc. has failed to show that deposing Mr. Atkinson is the only practical means of obtaining the information sought regarding these letters, because Axiom Inc. has failed to show that it could not obtain this information by deposing Mr. Madden himself. Accordingly, the Court overrules Axiom Inc.'s objections and affirms Judge McCoun's Order as they pertain to the opinion letters written by Mr.

14

Madden.

## 2. **NAM/HTRD Agreement and Atlanta Federal Case**

The Court is not convinced that Mr. Atkinson's participation in and knowledge of the facts regarding the agreement between NAM and HTRD in the Atlanta Federal Case are relevant to this case. In particular, Axiom Inc. seeks to question Mr. Atkinson about a letter he sent on behalf of HTRD to NAM, dated February 15, 2011, which suggests language that NAM should use in documenting the parties' agreement. Included in this suggested language is the statement that:

> for the purpose of this letter, intellectual property of HTRD specifically includes all 510K marketing clearance letters, patents, trademarks and copyrights, and all other traditional intellectual property which was referenced in the [Assignment for Benefit of Creditors] of Axiom Worldwide, LLC, whether or not ownership of the property was alleged to have been by Axiom Worldwide, LLC or Axiom Worldwide, Inc. and whether referenced in the Petition and Exhibits, or referenced in the Motion(s) or at the Hearings approving the sale of the property whether owned at the time by Axiom Worldwide, LLC or Axiom Worldwide, Inc.

(Doc. # 113-8 at 37).

Axiom Inc. asserts that by this letter, HTRD "attempted to get . . . NAM to state that HTRD acquired the intellectual property of Axiom Inc. as well as Axiom LLC from the ABC proceeding that involved only non-party Axiom LLC . . . ."

15

(Doc. # 157 at 7). Axiom Inc. argues that deposing Mr. Atkinson on this issue is necessary because he "is the person with the most knowledge of the reasoning behind [t]his attempt." Id. at 8.

However, regardless of whether Axiom Inc.'s characterization of the letter is accurate, Axiom Inc. fails to explain the significance of any such attempt or how it relates to the issues in this case. In other words, a mere attempt to persuade an unrelated non-party to corroborate a potentially inaccurate statement as to the ownership of certain intellectual property does not, without more, constitute infringement of that intellectual property. Furthermore, there is no evidence or argument that this letter to NAM from HTRD's counsel was part of or related in any way to the allegedly false information HTRD provided to the USPTO in support of its trademark registration request. Nor is there any record evidence that Axiom Inc. and NAM were engaged in a business relationship with which such a letter may have tortiously interfered.[2]

---

[2] Indeed, the fact that the Atlanta Federal Case was a trademark infringement action brought by NAM against Axiom Inc. indicates that the two were essentially competitors and, as such, would not be said to have enjoyed an advantageous business relationship with which HTRD's letter could have improperly interfered.

16

Accordingly, the Court finds that Axiom Inc. has not shown that Mr. Atkinson's "reasoning behind his attempt to get NAM to say that HTRD obtained the property of both Axiom Inc. and Axiom LLC in the prior ABC case that involved only non-party Axiom [LLC]" (Doc. # 157 at 8) is relevant to the issues in this action.  Upon finding that Axiom Inc. has failed to establish that this information is relevant, the Court need not evaluate the other Shelton factors on this issue. Accordingly, the Court overrules Axiom Inc.'s objection and affirms Judge McCoun's Order as it pertains to the NAM/HTRD agreement.

Finally, the Court likewise rejects Axiom Inc.'s request to depose Mr. Atkinson regarding HTRD's decision not to intervene in the Atlanta Federal Case.  Although Axiom Inc. repeatedly states that "Mr. Atkinson is the person with the most knowledge of why HTRD did not intervene in the Atlanta Federal Case to protect its interests" (Doc. # 157 at 9, 15), Axiom has not provided any argument as to why such information is needed or how it is relevant to the issues in this case.

The fact that HTRD chose not to intervene in the Atlanta Federal Case is undisputed. (Doc. # 161 at 3).  However, parties are not required to intervene in a case, even those that may affect their rights or interests, and choose not to

17

do so at their own risk.  Furthermore, the legal consequences of a failure to intervene, whatever they may be, do not change based on the party's reasoning for not intervening.  Thus, the Court fails to see how the reasoning behind HTRD's decision not to intervene in the Atlanta Federal Case could lead to or constitute relevant evidence regarding the claims and defenses at issue in this action.  Accordingly, the Court finds that Axiom has not satisfied the Shelton factors on this issue and is not entitled to depose HTRD's counsel regarding HTRD's failure to intervene in the Atlanta Federal Case.

Accordingly, it is now

**ORDERED, ADJUDGED, and DECREED:**

(1) Axiom Worldwide, Inc.'s Objections to Judge McCoun's Order Granting Defendants' Motion for Protective Order as to the Deposition of Lee Wm. Atkinson (Doc. # 157) are **SUSTAINED** in part and **OVERRULED** in part as detailed herein.

(2) Axiom Inc. may depose Mr. Atkinson by written questions only as to the matters and to the extent detailed herein. Axiom Inc. shall submit all proposed written questions to Judge McCoun for review on or before February 1, 2013.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 22nd day of January, 2013.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

19