```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION

AXIOM WORLDWIDE, INC.,

          Plaintiff,
                                Case No.: 8:11-cv-1468-T-33TBM
v.

HTRD GROUP HONG KONG LIMITED
a/k/a HTRD GROUP HONG KONG
LIMITED, INC., ET AL.,

          Defendants.
_____/
```

**ORDER**

This cause comes before the Court pursuant to the May 25, 2013, Report and Recommendation of Thomas B. McCoun III, United States Magistrate Judge (Doc. # 305), in which Judge McCoun recommends that Plaintiff Axiom Worldwide, Inc.'s Motion for Sanctions (Doc. # 162) be granted in part. Specifically, Judge McCoun recommends that this Court strike the pleadings of Defendants Excite Medical Corp. and Saleem Musallam and enter default against them. (Doc. # 305 at 12). Judge McCoun also recommends the Court award Axiom Inc. its costs and expenses in litigating discovery disputes against Excite and Musallam since the entry of Judge McCoun's November 30, 2012, Order. Id. Judge McCoun further recommends that the Motion for Sanctions be denied as to Defendants Eltech USA, LLC and Andrew Deweerd. Id.

Excite Medical and Musallam (Doc. # 311) and Axiom Inc. (Doc. # 312) filed timely objections to the Report and Recommendation on May 29, 2013. These parties filed their respective responses to the objections on May 31, 2013. (Doc. ## 313, 314).

After careful consideration and being fully advised in the premises, the filed objections are overruled, the Report and Recommendation of Judge McCoun is accepted and adopted, Axiom Inc.'s Motion for Sanctions is granted in part and denied in part.

**Discussion**

A district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). In the absence of specific objections, there is no requirement that a district judge review factual findings de novo, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions de novo, even in the absence of an objection. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826

F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994).

Excite Medical and Musallam object to the severity of the recommended sanctions against them. (Doc. # 311). Axiom Inc. does not object to the sanctions Judge McCoun recommends against Excite Medical and Musallam; however, Axiom Inc. objects to Judge McCoun's recommendation that no sanctions be imposed against Eltech and Deweerd and argues that additional sanctions should be entered against all of the Defendants based on Musallam's alleged spoliation of Axiom Inc.'s server. (Doc. # 312).

Upon due consideration of the entire record, including the Report and Recommendation and the objections thereto, the Court overrules the objections and adopts the Report and Recommendation.

Rule 37(b)(2)(A), Fed. R. Civ. P., provides, in pertinent part, as follows:

> If a party or a party's officer, director, or managing agent -- or a witness designated under Rule 30(b)(6) or 31(a)(4) -- fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> . . .
>
> (iii) striking pleadings in whole or in part;

> . . .
>
> > (vi) rendering a default judgment against the disobedient party; . . .

Rule 37(b)(2)(A), Fed. R. Civ. P.

"Rule 37 confers upon district court judges broad discretion to fashion appropriate sanctions for the violation of discovery orders . . . ." United States v. Certain Real Prop. Located at Route 1, Bryant, Ala., 126 F.3d 1314, 1317 (11th Cir. 1997). However, "the severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1542 (11th Cir. 1993). Furthermore, dismissal or default judgment should be ordered "only if noncompliance with discovery orders is due to willful or bad faith disregard for those orders." Route 1, 126 F.3d at 1317.

The Court agrees with Judge McCoun's conclusion that this is the rare "egregious case which merits striking the pleadings of Excite and Musallam and the entry of default against each." (Doc. # 305 at 12). As outlined in detail in the Report and Recommendation, despite repeated requests, multiple discovery hearings, and numerous Court Orders, Excite Medical and Musallam "have wilfully failed to produce a good

deal of information directed by the Court, leaving certain issues regarding discovery from these Defendants disputed and 'cloudy.'" Id. at 8. "In many instances, [Musallam] acknowledged untimely and outright noncompliance with the November 30, 2012 Order[,]" including the fact that he and Excite Medical never produced customer files reflecting sales and distribution of DRX machines, emails with vendors and customers, or shipping records. Id. Despite the fact that these records were relevant to the case and fell squarely within the Court's November 30, 2012, Order, Musallam offered no good excuse for failing to produce them. Id.

Furthermore, in many instances, Musallam claimed that certain requested documents had been included in a 27,000 document production by Excite Medical, which representations were later revealed to be "misleading if not outright false statements." Id. at 6 n.7. Moreover, Musallam initially denied that any shipping records even existed, though "it was revealed during the last hearing that such was incorrect." Id. at 8. Thus, the Court agrees with Judge McCoun that "[a]t a minimum, Musallam has been reckless, if not outright fraudulent, in addressing Excite's production with the Court." Id. at 7 n.7.

-5-

Based on these egregious and non-excusable discovery violations, the Court agrees with Judge McCoun's conclusion that Excite Medical and Musallam's "conduct related to discovery matters evidenced bad faith and was wilful, highly obstructive and seriously prejudicial" to Axiom Inc., such that Excite Medical and Musallam "have forfeited the right to defend the suit" and the severe sanction of striking their pleadings and entering default against them is warranted in this case. Id. at 12.  Thus, the Court overrules Excite Medical and Musallam's objections and grants Axiom Inc.'s Motion for Sanctions as to Excite Medical and Musallam.

The Court further agrees with Judge McCoun that "[a]s an appropriate and additional sanction, Axiom is awarded its costs and expenses in litigating discovery disputes against Excite and Musallam since the entry of the November 30, 2012, Order." Id. In accordance with the Report and Recommendation, Axiom Inc. shall file its affidavit setting forth its claim for costs and expenses on or before June 8, 2013, for Judge McCoun's consideration.

Regarding Defendants Eltech and Deweerd, upon reviewing the record and the detailed history of the parties' ongoing discovery disputes as thoroughly laid out in the Report and Recommendation, the Court agrees with Judge McCoun that

sanctions are not warranted against these parties because the record does not reflect that Eltech or Deweerd have wilfully violated the Court's Orders or otherwise abused the discovery process. Thus, the Court overrules Axiom Inc.'s objections on this issue and denies Axiom Inc.'s Motion for Sanctions as to Eltech and Deweerd.

Finally, Axiom Inc. argues that Judge McCoun should have imposed sanctions for Musallam's alleged spoliation of evidence, Axiom Inc.'s former computer server, including imposing an evidentiary finding that the Defendants did not obtain the server from Progress Bank. The Court determines that based on the present record, such an evidentiary finding is not warranted here, where much, if not all, of the server's contents have been otherwise produced to Axiom Inc. Id. at 11. Furthermore, it is not clear to the Court, and Axiom Inc. has not explained, how an examination of the computer server would provide any evidence on the relevant issue of how the Defendants actually obtained physical possession of it. Accordingly, the Court overrules Axiom Inc.'s objections on this issue and declines to impose additional sanctions for Excite Medical and Musallam's failure to produce, and alleged spoliation of, Axiom Inc.'s former computer server.

Therefore, the Court finds that the Report and Recommendation thoughtfully addresses the issues presented, and the objections do not provide a basis for rejecting the Report and Recommendation. After conducting a careful and complete review of the findings, conclusions and recommendations, and giving *de novo* review to matters of law, the Court accepts the factual findings and legal conclusions of Judge McCoun and adopts Judge McCoun's Report and Recommendation.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Report and Recommendation of Thomas B. McCoun III, United States Magistrate Judge (Doc. # 305), is **ACCEPTED AND ADOPTED.**

(2) Plaintiff Axiom Worldwide, Inc.'s Motion for Sanctions (Doc. # 162) is **GRANTED IN PART** as follows:

   (a) The pleadings of Defendants Excite Medical Corp. and Saleem N. Musallam are hereby **STRICKEN.**

   (b) The Clerk is directed to enter a default against Defendants Excite Medical Corp. and Saleem N. Musallam on June 3, 2013.

(3) Axiom Worldwide, Inc.'s Motion for Sanctions (Doc. # 162) is **DENIED** as to Defendants Eltech USA, LLC and Andrew Deweerd.

(4) Pursuant to Local Rule 1.07(b) and Rule 55(b)(2), Fed. R. Civ. P., Axiom Inc. is directed to file a Motion for Default Judgment against Excite Medical and Musallam **by June 5, 2013,** outlining in particular the well-pled allegations of fact in the Amended Complaint that have been established as fact and for which no further proof is necessary.

(5) Excite Medical and Musallam are directed to file their response(s) to the Motion for Default Judgment **by June 10, 2013.**

(6) In accordance with Rule 55(b)(2), Fed. R. Civ. P., the Court will conduct a hearing on the Motion for Default Judgment on **June 13, 2013, at 2:00 P.M. in Courtroom 14B** in conjunction with the bench trial in this proceeding scheduled for the same date and time.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>1st</u> day of June, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

-10-