**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**AXIOM WORLDWIDE, INC.**, a
Florida corporation,

               Plaintiff,

v.                                                        Case No:  8:11-cv-1468-T-33TBM

**HTRD GROUP HONG KONG
LIMITED, EXCITE MEDICAL
CORP., EXCITE DIAGNOSTICS,
LLC, ELTECH USA, LLC, DAVID
REN, SALEEM N. MUSALLAM,
ANDREW DEWEERD, BEIJING
RONG DA SHUN DA TRADING
CO., LTD, BEIJING RYZUR AXIOM
MEDICAL INVESTMENT CO. LTD.**,
and **ANHUI RYZUR AXIOM
MEDICAL EQUIPMENT CO. LTD.**,

               Defendants.
_____

## JUDGMENT IN A CIVIL CASE

**Decision by Court.**   This action came before the Court for a non-jury trial and a decision has been rendered.

    **IT IS ORDERED AND ADJUDGED** that judgment is entered in favor of Axiom Worldwide, Inc. for injunctive relief and damages as follows:

```
(1) The stipulation between Axiom and Eltech  and the oral
stipulation to amend the permanent injunction are hereby
```
**ACCEPTED**`. Eltech is declared to have infringed Axiom's`
```
trademarks and copyrights and engaged in unfair competition
including falsely designating the origin of the products they
have manufactured, sold, offered for sale, distributed, or
advertised in commerce.
```

(2) Axiom's claim for fraud on the USPTO against Excite Medical and Musallam is **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(a)(2), Federal Rules of Civil Procedure.

(3) Axiom's Motion for Default Judgment is **GRANTED** as to Axiom's claims for misappropriation of trade secrets and intentional interference with business relationships against Excite Medical and Musallam and as to Axiom's claim for breach of confidentiality agreement against Musallam.

(4) HTRD's oral motion to strike Plaintiff's exhibit 23 is **DENIED AS MOOT.**

(5) Defendants Ryzur Medical, Beijing Ryzur, Anhui Ryzur, HTRD, David Ren, Excite Medical, Saleem Musallam and Eltech are ordered to return and/or transfer to Axiom all of Axiom's proprietary information currently in their possession, including but not limited to, design drawings and schematics, FDA device history files and records, computer software or firmware, hard drives, computer servers, CDs, flash drives, external storage drives, or any other device containing electronically stored information that was the subject of this case, counterfeit replacement parts, counterfeit finished machines, including but not limited to, new counterfeit machines or "parts kits" for new counterfeit machines, used machines that were "refurbished" using Axiom's proprietary information and all marketing kits or other photographs, videos, or marketing materials or derivations thereof.

(6) Defendants Ryzur Medical, Beijing Ryzur, Anhui Ryzur, HTRD, David Ren, Excite Medical, Saleem Musallam and Eltech are ordered to notify anyone to whom they have previously made representations concerning Axiom's or HTRD's ownership of any of the intellectual property or proprietary information that this Court has determined belongs to Axiom or to whom they have made representations concerning the right to sell the DRX9000™, DRX9000C™, DRX9000 Combo™ or DRX9500™ of this injunction by written service upon such people by e-mail or mail, and shall, within thirty (30) days of receipt of this Order, certify to this Court that this has been done. Such certification shall be under oath and include a list of all who have been served along with the method of service and the address where served.

(7) Defendants Ryzur Medical, Beijing Ryzur, Anhui Ryzur, HTRD, David Ren, Excite Medical, Saleem Musallam and Eltech are ordered to file with this Court an affidavit stating that they have returned and/or transferred to Axiom all of Axiom's proprietary information currently in their possession, including but not limited to, design drawings and schematics, FDA device history files and records, computer software or firmware, hard drives, computer servers, CDs, flash drives, external storage drives, or any other device containing electronically stored information that was the subject of this case, counterfeit replacement parts, counterfeit finished machines, including but not limited to, new counterfeit machines or "parts kits" for new counterfeit machines, used machines that were "refurbished" using Axiom's proprietary information and all marketing kits or other photographs, videos, or marketing materials or derivations thereof, and, the affidavit of each Defendant must also state that no copies of any of the information has been retained by them. This affidavit shall also be filed with the Court within thirty (30) days following the date of this order.

(8) The internet domain names www.axiomworldwide.co (not .com), www.drx9000truth.com and www.drx9000.ru shall be transferred to the ownership of Axiom, or in the alternative, shall be taken down and shall cease being used by anyone for any purpose on the internet or worldwide web.

(9) Defendants HTRD and Excite Medical are ordered to notify the United States FDA of this order and are further ordered to "delist" and disassociate themselves and their establishments from any and all of Axiom's US FDA 510(k)s that were the subject of this action.

(10) Defendants Ryzur Medical, Beijing Ryzur, Anhui Ryzur, HTRD, David Ren, Excite Medical, Saleem Musallam and Eltech, their agents, representatives, assigns or successors in interest, and all others acting through, under, or in concert with them upon whom service of this Order is made or who have actual knowledge of it, are hereby permanently restrained and enjoined from:

(a) Using any of Axiom's US FDA 510(k) premarket clearances for any of Axiom's spinal decompression machines or other medical devices for any purpose;

(b) Using any of Axiom's marks, trademarks, trade names, or logos, or any mark, trademark, trade name, or logo that is confusingly similar to Axiom's marks, trademarks, trade names, or logos;

(c) Otherwise infringing Axiom's trademarks or using any similar designation, alone or in combination with any other components;

(d) Causing a likelihood of confusion or misunderstanding as to the source or sponsorship of its businesses, products, or services as being Axiom's and/or its authorized licenses or distributors;

(e) Causing a likelihood of confusion or misunderstanding as to its affiliation, connection, or association with Axiom and its authorized licensees or distributors or any of Axiom's products or services;

(f) Using the terms "DRX9000," "Axiom Worldwide," "DRX," or the Axiom Worldwide logo for any commercial purpose including correspondence, marketing materials, educational materials, or in person sales pitches related to the marketing, sale, distribution, service, or "refurbishing" of spinal decompression tables;

(g) Making representations that they own or are authorized to use any of the trademarks or intellectual property rights and proprietary information this Court has found belong to Axiom;

(h) Using the intellectual property or proprietary information the Court has found belongs to Axiom in the building, servicing, "refurbishing," marketing, or selling of spinal decompression tables or other durable medical equipment of any kind;

(i) Using or copying any of Axiom's copyrighted materials or otherwise infringing on Axiom's copyrights to the designs, drawings, software, firmware, component parts, or other portions of products that Axiom has marketed and placed into the stream of commerce under Axiom's trademarks, including all derivations and combinations thereof including but not limited to the DRX9000™, DRX9000C™, DRX9000 Combo™ and the DRX9500™ or any other Axiom DRX™ or other product including all component parts and proprietary software or firmware related thereto;

(j) Unfairly competing with Axiom in any manner, including falsely designating the origin of the products the Defendants have placed, or place in the future, into the stream of

4

commerce, including but not limited to, falsely claiming to be the manufacturer or contract manufacturer of Axiom's products, falsely claiming to be a factory approved service center for Axiom's products, falsely claiming that they are authorized by Axiom to perform service on Axiom's products or that they are able to perform service or repair to Axiom's products using Axiom's proprietary software, drawings, or design schematics, falsely claiming to be able to provide genuine Axiom replacement parts, falsely claiming to be authorized or capable of "refurbishing" used machines to current Axiom specifications, or unfairly competing with Axiom in any manner or using any of the property that was the subject of this case in any manner; and

(k) Using any of the intellectual property or other proprietary information that this Court has determined belongs to Axiom for any purpose whatsoever. In addition to the equitable relief set forth above, Axiom is also entitled to recover damages from Ryzur Medical, Beijing Ryzur, Anhui Ryzur, HTRD, David Ren, Excite Medical, and Saleem Musallam as set forth herein and below:

(a) Axiom shall recover from Beijing Rong Da Shun Da Trading Co., Ltd a/k/a Ryzur Medical a total of $65,000 ($50,000 (5 trademarks x $10,000 per mark infringed) plus $15,000 (3 copyrights at $5,000 per copyright infringed)) not including costs and attorneys' fees;

(b) Axiom shall recover from Beijing Ryzur Axiom Medical Investment Co., Ltd a total of $65,000 ($50,000 (5 trademarks x $10,000 per mark infringed) plus $15,000 (3 copyrights at $5,000 per copyright infringed)) not including costs and attorneys' fees;

(c) Axiom shall recover from Anhui Ryzur Axiom Medical Equipment Co. Ltd. a total of $65,000 ($50,000 (5 trademarks x $10,000 per mark infringed) plus $15,000 (3 copyrights at $5,000 per copyright infringed)) not including costs and attorneys' fees;

(d) Axiom shall recover from HTRD Group Hong Kong Ltd. a/k/a HTRD Group Hong Kong Limited, Inc. a total of $65,000 ($50,000 (5 trademarks x $10,000 per mark infringed) plus $15,000 (3 copyrights at $5,000 per copyright infringed)) not including costs and attorneys' fees

(e) Axiom shall recover from David Ren a total of $65,000 ($50,000 (5 trademarks x $10,000 per mark infringed) plus $15,000 (3 copyrights at $5,000 per copyright infringed)) not including costs and attorneys' fees;

(f) Axiom shall recover from Saleem Musallam a total of $85,000 ($50,000 (5 trademarks x $10,000 per mark infringed) plus $15,000 (3 copyrights at $5,000 per copyright infringed) plus $20,000 (2 domain names at $10,000 per infringing domain name)) not including costs and attorneys' fees; and

(g) Axiom shall recover against Excite Medical a total of $1,340,884 ($1,320,000 in actual damages and $20,884 in damages for curative advertising) not including costs and attorneys' fees.

SHERYL L. LOESCH, CLERK

s/R. Bachelor, Deputy Clerk

# CIVIL APPEALS JURISDICTION CHECKLIST

1. **Appealable Orders**: Courts of Appeals have jurisdiction conferred and strictly limited by statute:

   (a) **Appeals from final orders pursuant to 28 U.S.C. Section 1291**: Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C. Section 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. V. Mestre, 701 F.2d 1365, 1368 (11th Cir. 1983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. Section 636(c).

   (b) **In cases involving multiple parties or multiple claims**, a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b), Williams v. Bishop, 732 F.2d 885, 885-86 (11th Cir. 1984). A judgment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S. 196, 201, 108 S. Ct. 1717, 1721-22, 100 L.Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

   (c) **Appeals pursuant to 28 U.S.C. Section 1292(a)**: Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions..." and from "[i]nterlocutory decrees...determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

   (d) **Appeals pursuant to 28 U.S.C. Section 1292(b) and Fed.R.App.P.5:** The certification specified in 28 U.S.C. Section 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

   (e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen V. Beneficial Indus. Loan Corp., 337 U.S. 541,546,69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F. 2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S. Ct. 308, 312, 13 L.Ed.2d 199 (1964).

2. **Time for Filing:** The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P.4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1)**: A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD - no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3)**: "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P.4(a)(4)**: If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P.4(a)(5) and 4(a)(6)**: Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P.4(c)**: If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. Section 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal**: Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal**: A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).