UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AXIOM WORLDWIDE, INC.,

          Plaintiff,

                    Case No. 8:11-cv-1468-T-33TBM

v.

HTRD GROUP HONG KONG LIMITED
a/k/a HTRD GROUP HONG KONG
LIMITED, INC., ET AL.,

          Defendants.

_____/

## ORDER

Now before the Court is Plaintiff Axiom Worldwide, Inc.'s Renewed Motion for Reconsideration of All Motions Pending Prior to the Issuance of the Court's Endorsed Order (Doc. # 404), filed September 20, 2013. Defendants Excite Medical Corp. and Saleem Musallam responded in opposition to the Motion for Reconsideration on October 1, 2013. (Doc. # 411). After due consideration and for the reasons stated below, the Court denies the Motion.

## I.    Background

Axiom initiated this trademark ownership and infringement action on July 1, 2011 (Doc. # 1), and the Court entered Judgment in favor of Axiom for injunctive relief and damages on August 1, 2013. (Doc. # 366). On

August 22, 2013, Axiom filed a Motion for Order to Show Cause, "request[ing that] the Court Order Defendants, Excite Medical, Saleem Mussallam, Scott Scerbo, and Lisa Fernandes, to show cause" why they should not be held in civil contempt for various actions that Axiom claims are violations of this Court's permanent injunction issued as part of the Judgment for Axiom. (Doc. # 380 at 1, 7). While Axiom characterizes Mr. Scerbo and Ms. Fernandes as representatives or employees of Excite Medical (Id. at 2, 6), neither Mr. Scerbo nor Ms. Fernandes are parties in this action and they are not named in the Court's permanent injunction (Doc. # 366). Defendants Excite Medical and Musallam responded to Axiom's Motion on September 9, 2013, denying that they had violated the permanent injunction. (Doc. # 393).

On August 23, 2013, the day after Axiom filed its Motion for Order to Show Cause, Excite Medical and Musallam filed Notices of Appeal as to the Court's Judgment. (Doc. ## 383, 384). On September 13, 2013, the Court issued an Order denying without prejudice all pending Motions or requests for relief:

> The filing of a notice of appeal divests a district court of jurisdiction with respect to

2

any matters involved in the appeal. <u>See</u> <u>Blinco v.</u>
<u>Green Tree Servicing, LLC</u>, 366 F.3d 1249, 1251
(11th Cir. 2004). Defendants Excite Medical Corp.
and Saleem N. Musallam filed Notices of Appeal on
August 23, 2013. Accordingly, the Court denies
without prejudice any pending motions and
requests for relief due to lack of jurisdiction.
The parties may reassert such requests after the
conclusion of the appeal, if appropriate.
Additionally, requests may be renewed prior to
the conclusion of the appeal upon a specific
showing that the Court has jurisdiction to
resolve the matter at this time.

(Doc. # 401).

On September 20, 2013, Axiom filed the instant Renewed
Motion for Reconsideration of All Motions Pending Prior to
the Issuance of the Court's Endorsed Order.[1] (Doc. # 404).
Excite Medical and Musallam responded in opposition to the
Motion on October 1, 2013. (Doc. # 411).

## II.  **Legal Standard**

"A motion for reconsideration must demonstrate why the
court should reconsider its past decision and set forth
facts or law of a strongly convincing nature to induce the
court to reverse its prior decision." <u>Fla. Coll. of</u>
<u>Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.</u>, 12 F.

---

[1]    Axiom's Motion specifically addresses the Court's
denial of Axiom's Motion for Order to Show Cause (Doc. #
380) and its Motion for Leave of Court to File a Reply to
Defendant's Answer in Opposition to Plaintiff's Contempt
Motion (Doc. # 395). The Court will accordingly confine its
analysis to the reconsideration of those Motions.

Supp. 2d 1306, 1308 (M.D. Fla. 1998). A motion for reconsideration should not, however, be used to "relitigate old matters." Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2009).

This Court recognizes three grounds to justify reconsideration of a prior order under Federal Rule of Civil Procedure 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Fla. College of Osteopathic Med., Inc., 12 F. Supp. 2d at 1308. However, as explained in Ludwig v. Liberty Mutual Fire Insurance Co., No. 8:03-cv-2378-T-17MAP, 2005 WL 1053691, at *3 (M.D. Fla. Mar. 30, 2005), "This Court will not reconsider its judgment when the motion for reconsideration fails to raise new issues but, instead, relitigates that which the Court previously found lacking." In addition, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." Id. at *4 (citation omitted).

## III. **Analysis**

Axiom argues that the Court has jurisdiction to rule on Axiom's Motion for Order to Show Cause – and by

extension, jurisdiction to rule on Axiom's Motion seeking leave to file a reply in support of its Motion for Order to Show Cause – because the Court retains jurisdiction to enforce its judgments even when an appeal is pending, and because Excite Medical and Musallam have not posted a supersedeas bond and moved for a stay of judgment, as outlined in Federal Rule of Civil Procedure 62 and Federal Rule of Appellate Procedure 8. (Doc. # 404 at 2-3). In turn, Excite Medical and Musallam claim that Axiom's Motion for Order to Show Cause is intended "not merely to enforce existing orders, but to expand the scope of the final injunction into areas that are entirely legal under the Lanham Act and the Copyright Act." (Doc. # 411 at 3). They assert that Axiom "is not satisfied with the District Court's injunction and is moving forward in the guise of a Contempt Motion to broaden the injunction so that the Defendants would be barred from engaging in any lawful business activities." (Id.).

The Court does not dispute Axiom's claim that a district court may retain jurisdiction to enforce its judgments, even after a notice of appeal has been filed. See 800 Adept, Inc. v. Murex Sec., Ltd., No. 6:02-cv-1354-

ORL-19DAB, 2007 WL 2412900, at *1 (M.D. Fla. Aug. 21, 2007), report and recommendation approved, No. 6-02-cv-1354-ORL-19DAB, 2007 WL 2826247 (M.D. Fla. Sept. 25, 2007) (finding that even "with a judgment on appeal" a "court retains jurisdiction to enforce its orders"); 11 Charles Alan Wright, et al., Federal Practice & Procedure § 2905 (3d ed. 2013) ("In the absence of a stay obtained in accordance with Rule 62(d), the pendency of an appeal does not prevent the judgment creditor from acting to enforce the judgment.") (citing S.E.C. v. Yun, 208 F. Supp. 2d 1279 (M.D. Fla. 2002)).

However, "[t]he filing of a notice of appeal is an event of jurisdictional significance--it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Green Leaf Nursery v. E.I. DuPont De Nemours & Co., 341 F.3d 1292, 1309 (11th Cir. 2003) (quoting Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982)). Although "[t]he district court has authority to proceed forward with portions of the case not related to the claims on appeal," a district court does not have the power "to alter[] the status of the case" as it

6

rests before the Court of Appeals. <u>Green Leaf Nursery</u>, 341 F.3d at 1309; <u>see also</u> <u>Madura v. BAC Home Loans Servicing L.P.</u>, 8:11-cv-2511-T-33TBM, 2013 WL 140614, at *1 (M.D. Fla. Jan. 11, 2013) (granting a stay of the case because "It would be inappropriate for this Court to address such motions at this time, during the pendency of the appeal, because a district court does not have the power to alter the status of the case as it rests before the Court of Appeals") (internal quotations omitted). In short, "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." <u>Griggs</u>, 459 U.S. at 58.

In its Motion for Order to Show Cause, Axiom does not merely ask that the Court enforce its previously rendered Judgment. Instead, Axiom moves the Court to "enter an order directing the contemptuous parties to show cause why they should not be held in civil contempt, order them to make full redress to consumers following appropriate contempt proceedings, and issue all relief appropriate in light of their repeated and willful violations of the Permanent Injunction." (Doc. # 380 at 7). As previously noted, Axiom's request specifically includes Scott Scerbo and Lisa

Fernandes as "contemptuous parties." (Id. at 1). As such, Axiom seeks to extend the Court's Judgment to include individuals who were not named in the previously rendered Judgment. Furthermore, the parties' disagreement regarding the scope of the very Judgment now on appeal suggests that if the Court granted the relief requested by Axiom, such relief could alter the status of the case and the character of the Judgment as it rests before the Court of Appeals. Such action would be beyond the Court's jurisdiction at this time.

In addition to considerations of jurisdiction, the Court is also mindful of the wisdom of conserving the resources of the parties and of the Court. See Madura, 2013 WL 140614, at *1. If, upon conclusion of the appeal, Axiom wishes to move the Court to issue an order to show cause, it may reassert its motion at that time, if appropriate. However, as Axiom has failed to adequately demonstrate an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice, the Court denies the Motion for Reconsideration.

Accordingly, it is hereby

8

**ORDERED**, **ADJUDGED**, and **DECREED**:

Plaintiff Axiom Worldwide, Inc.'s Renewed Motion for Reconsideration of All Motions Pending Prior to the Issuance of the Court's Endorsed Order (Doc. # 404) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 24th day of October, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:  All Counsel of Record