UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AXIOM WORLDWIDE, INC.,

    Plaintiff,

v.                        Case No. 8:11-cv-1468-T-33TBM

HTRD GROUP HONG KONG LIMITED
a/k/a HTRD GROUP HONG KONG
LIMITED, INC., ET AL.,

    Defendants.
_____/

## ORDER

This matter comes before the Court pursuant to Defendants Excite Medical Corp. and Saleem Musallam's Motion to Prohibit Plaintiff from Interfering with Appellate Jurisdiction (Doc. # 475), which was filed on February 6, 2014. Plaintiff Axiom Worldwide, Inc. filed a response in opposition to the Motion on February 11, 2014. (Doc. # 478). For the reasons stated below, the Court grants the Motion in part and denies the Motion in part as provided herein.

**I.   Background**

Axiom initiated this trademark ownership and infringement action on July 1, 2011 (Doc. # 1), and the Court entered Judgment in favor of Axiom for injunctive relief and damages on August 1, 2013. (Doc. # 366).

On August 23, 2013, Excite Medical Corp. and Saleem Musallam filed notices of appeal as to the Court's Judgment. (Doc. ## 383, 384). Thereafter, on September 13, 2013, the Court issued an Order denying without prejudice all pending motions or requests for relief:

> The filing of a notice of appeal divests a district court of jurisdiction with respect to any matters involved in the appeal. See Blinco v. Green Tree Servicing, LLC, 366 F.3d 1249, 1251 (11th Cir. 2004). Defendants Excite Medical Corp. and Saleem N. Musallam filed Notices of Appeal on August 23, 2013. Accordingly, the Court denies without prejudice any pending motions and requests for relief due to lack of jurisdiction. The parties may reassert such requests after the conclusion of the appeal, if appropriate. Additionally, requests may be renewed prior to the conclusion of the appeal upon a specific showing that the Court has jurisdiction to resolve the matter at this time.

(Doc. # 401). On September 20, 2013, Axiom filed a renewed motion for reconsideration of all motions pending prior to the issuance of the Court's September 13, 2013, Order (Doc. # 404), which was denied by this Court on October 24, 2013 (Doc. # 413).

On December 11, 2013, the Eleventh Circuit issued an Order dismissing Excite Medical Corp. and Saleem Musallam's appeal for failure to prosecute, effective December 10, 2013. (Doc. # 414). Namely, Excite Medical Corp. and Saleem Musallam failed to file an appellant's brief and appendix within the

time provided by the rules of the Eleventh Circuit Court of Appeals. (Id.). According to Excite Medical Corp. and Saleem Musallam, on December 23, 2013, they filed and served their initial brief and appendix and timely moved to reinstate the appeal in the Eleventh Circuit. (Doc. # 475 at ¶ 11). Neither party, however, informed this Court that such activity had taken place.

On January 31, 2014, the Eleventh Circuit granted Excite Medical Corp. and Saleem Musallam's motion to reinstate the appeal and reinstated Excite Medical Corp. and Saleem Musallam's appeal. (Doc. # 467). In the interim between when the appeal was dismissed – December 10, 2013 - and when the appeal was reinstated – January 31, 2014 - this Court issued three writs of garnishment, which were served on December 24, 2013, and February 3, 2014 (Doc. ## 430, 431, 469), and at least one of the writs was executed against Excite Medical Corp. (Doc. # 472). Furthermore, during this time Axiom filed a renewed motion for order to show cause on December 20, 2013. (Doc. # 423). This Motion is still pending before the Court.

On February 4, 2014, after the appeal was reinstated, Axiom filed a motion for entry of final judgment of garnishment (Doc. # 470), and Axiom filed a motion for leave

3

to obtain discovery on February 6, 2014 (Doc. # 474). Both motions remain pending before the Court.

Excite Medical Corp. and Saleem Musallam filed the present Motion on February 6, 2014. (Doc. # 475). This Court subsequently directed Axiom that if it intended to respond to the Motion, it had until and including February 12, 2014, to do so. (Doc. # 476). Axiom filed a response in opposition to the Motion on February 11, 2014. (Doc. # 478). The Court has reviewed the Motion, the response thereto and the Court's previous Orders, and is otherwise fully advised in the premises.

## II. Discussion

In the Motion, Excite Medical Corp. and Saleem Musallam contend that reinstatement of the appeal has divested this Court of any jurisdiction that it might have acquired in the interim between December 10, 2013, and January 31, 2014. (Doc. # 475 at 5). Therefore, according to Excite Medical Corp. and Saleem Musallam, this case is in the same procedural posture that it occupied when the Court entered its September 13, 2013, and October 24, 2013, Orders, where the Court found that as a result of Excite Medical Corp. and Saleem Musallam's appeal, it lacked jurisdiction to rule on any pending motions and requests for relief. See (Doc. ## 401, 413).

4

As a result, Excite Medical Corp. and Saleem Musallam request that this Court: (1) deny Axiom's renewed motion for order to show cause (Doc. # 423); (2) dissolve all writs of garnishment served upon Bank of America, N.A., Bank United, and Wells Fargo Bank, N.A.; (3) direct the aforementioned banks to release to Excite Medical Corp. and Saleem Musallam all funds seized from Excite Medical Corp. and Saleem Musallam's accounts; (4) dissolve the writ of execution; (5) direct the United States Marshal to return to Excite Medical Corp. all items seized from Excite Medical Corp.'s place of business and (6) direct the cancellation or denial of all hearings, discovery requests and other proceedings that relate to Axiom's post-judgment actions against Excite Medical Corp. and Saleem Musallam. (Id. at 5).

In turn, however, Axiom submits that its actions are not, in any way, interfering with the jurisdiction of the Eleventh Circuit Court of Appeals. (Doc # 478 at 1). Axiom argues that the Court has jurisdiction to rule on its pending motions because the Court retains jurisdiction to enforce its judgments even when an appeal is pending, and because Excite Medical Corp. and Saleem Musallam have not posted a supersedeas bond and moved for a stay of judgment, as outlined in Federal Rule of Civil Procedure 62. (Id. at 3-9).

5

As stated in this Court's October 24, 2013, Order (Doc. # 414), "The Court does not dispute Axiom's claim that a district court may retain jurisdiction to enforce its judgments, even after a notice of appeal has been filed." See 800 Adept, Inc. v. Murex Sec., Ltd., No. 6:02-cv-1354-ORL-19DAB, 2007 WL 2412900, at *1 (M.D. Fla. Aug. 21, 2007), report and recommendation approved, No. 6-02-cv-1354-ORL-19DAB, 2007 WL 2826247 (M.D. Fla. Sept. 25, 2007) (finding that even "with a judgment on appeal" a "court retains jurisdiction to enforce its orders"); 11 Charles Alan Wright, et al., Federal Practice & Procedure § 2905 (3d ed. 2013) ("In the absence of a stay obtained in accordance with Rule 62(d), the pendency of an appeal does not prevent the judgment creditor from acting to enforce the judgment.") (citing S.E.C. v. Yun, 208 F. Supp. 2d 1279 (M.D. Fla. 2002)).

However, in Green Leaf Nursery v. E.I. DuPont De Nemours & Co., 341 F.3d 1292, 1309 (11th Cir. 2003), the Eleventh Circuit explained, "[t]he filing of a notice of appeal is an event of jurisdictional significance--it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." (internal citations omitted). Although "[t]he district court has authority to proceed forward with portions

6

of the case not related to the claims on appeal," a district court does not have the power "to alter[] the status of the case" as it rests before the Court of Appeals. Id.; see also Madura v. BAC Home Loans Servicing L.P., 8:11-cv-2511-T-33TBM, 2013 WL 140614, at *1 (M.D. Fla. Jan. 11, 2013) (granting a stay of the case because "It would be inappropriate for this Court to address such motions at this time, during the pendency of the appeal, because a district court does not have the power to alter the status of the case as it rests before the Court of Appeals.") (internal quotations omitted); Showtime/The Movie Channel, Inc. v. Covered Bridge Condo. Ass'n, 895 F.2d 711, 713 (11th Cir. 1990) (explaining that during an appeal, "[t]he district court retains only the authority to act in aid of the appeal, to correct clerical mistakes, or to aid in the execution of a judgment that has not been superseded."). In short, "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." Griggs v. Provident Consumer Discount, Co., 459 U.S. 56, 58 (1982).

On August 23, 2013, Excite Medical Corp. and Saleem Musallam filed notices of appeal, and as a result, this Court was divested of jurisdiction with respect to any matters

involved in the appeal. See (Doc. ## 383, 384). However, the Eleventh Circuit dismissed Excite Medical Corp. and Saleem Musallam's appeal, effective December 10, 2013, for failure to prosecute. (Doc. # 414). The appeal was not reinstated until January 31, 2014 – roughly 50 days later. (Doc. # 467). This Court is satisfied that between December 10, 2013, and January 31, 2014, it once again had jurisdiction over this action because no appeal was pending at that time, and therefore, the Court's issuance of the three relevant writs of garnishment was proper under the circumstances. This Court will not now second guess its actions, at the request of Excite Medical Corp. and Saleem Musallam, especially in light of Excite Medical Corp. and Saleem Musallam's failure to maintain candid communication with the Court and notify the Court that they filed their initial brief and moved to reinstate the appeal with the Eleventh Circuit on December 23, 2013.

Accordingly, this Court denies Excite Medial Corp. and Saleem Musallam's Motion to Prohibit Plaintiff from Interfering with Appellate Jurisdiction to the extent it requests this Court: (1) dissolve all writs of garnishment served upon Bank of America, N.A., Bank United, and Wells Fargo Bank, N.A.; (2) direct the aforementioned banks to

release to Excite Medical Corp. and Saleem Musallam all funds seized from Excite Medical Corp. and Saleem Musallam's accounts; (3) dissolve the writ of execution and (4) direct the United States Marshal to return to Excite Medical Corp. all items seized from Excite Medical Corp.'s place of business. See (Doc. # 475 at 5).

However, after consideration, the Court determines that issuing a ruling on the pending motions in this case may alter the status of the case as it rests before the Eleventh Circuit, and therefore, the Court determines that it lacks jurisdiction to decide the pending motions in this action. As a result, the Court grants Excite Medical Corp. and Saleem Musallam's Motion to Prohibit Plaintiff from Interfering with Appellate Jurisdiction to the extent it requests this Court: (1) deny Axiom's renewed motion for order to show cause (Doc. # 423) and (2) direct the cancellation or denial of all hearings, discovery requests and other proceedings that relate to Axiom's post-judgment actions against Excite Medical Corp. and Saleem Musallam. See (Doc. # 475 at 5). Thus, the Court denies without prejudice any pending motions and requests for relief (Doc. # 423, 470, 474) due to lack of jurisdiction. Axiom may reassert such requests after the conclusion of the appeal, if appropriate.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Defendants Excite Medical Corp. and Saleem Musallam's Motion to Prohibit Plaintiff from Interfering with Appellate Jurisdiction (Doc. # 475) is **GRANTED** in part and **DENIED** in part as provided herein.

(2) The Court denies without prejudice all pending motions and requests for relief (Doc. # 423, 470, 474) due to lack of jurisdiction.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 18th day of February, 2014.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record