UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AXIOM WORLDWIDE, INC.,

    Plaintiff,

v.                       Case No. 8:11-cv-1468-T-33TBM

HTRD GROUP HONG KONG LIMITED
a/k/a HTRD GROUP HONG KONG
LIMITED, INC., ET AL.,

    Defendants.
_____/

## ORDER

This cause comes before the Court in consideration of
Defendants Excite Medical Corp. and Saleem Musallam's Motion
for Reconsideration (Doc. # 485) of the Court's Order granting
in part and denying in part Defendants' Motion to Prohibit
Plaintiff from Interfering with Appellate Jurisdiction (Doc.
# 480). Specifically, Excite Medical Corp. and Saleem
Musallam request the Court reconsider its decision to deny
Excite Medical Corp. and Saleem Musallam's demand that it (1)
dissolve all writs of garnishment served upon Bank of America,
N.A., Bank United, N.A., and Wells Fargo Bank, N.A.; (2)
direct the aforementioned banks to release to Excite Medical
Corp. and Saleem Musallam all funds seized from Excite Medical

Corp. and Saleem Musallam's accounts; (3) dissolve the writ of execution; and (4) direct the United States Marshal Service to return to Excite Medical Corp. all items seized from Excite Medical Corp.'s place of business.

Plaintiff Axiom Worldwide, Inc. filed a response in opposition to the Motion on February 25, 2014. (Doc. # 488). For the reasons stated below, the Court denies Excite Medical Corp. and Saleem Musallam's Motion for Reconsideration.

## Discussion

It is within the Court's discretion to grant a motion for reconsideration. Lussier v. Dugger, 904 F.2d 661, 667 (11th Cir. 1990). Arguments in favor of granting reconsideration must be balanced against the desire to achieve finality in litigation. Id. As stated in Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998), "[a] motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Further, "in the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed

2

sparingly." <u>Lamar Adver. of Mobile, Inc. v. City of Lakeland</u>, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

This Court recognizes three grounds to justify reconsideration of a prior order under Federal Rule of Civil Procedure 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." <u>Fla. College of Osteopathic Med., Inc.</u>, 12 F. Supp. 2d at 1308. In deciding a motion for reconsideration, "[t]his Court will not reconsider its judgment when the motion for reconsideration fails to raise new issues but, instead, relitigates that which the Court previously found lacking." <u>Ludwig v. Liberty Mut. Fire Ins. Co.</u>, No. 8:03-cv-2378-T-17MAP, 2005 U.S. Dist. LEXIS 37718, at *8 (M.D. Fla. Mar. 30, 2005). In addition, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." <u>Id.</u> at *11. (internal citation and quotation omitted).

In the present Motion, Excite Medical Corp. and Saleem Musallam request that this Court reconsider its Order granting in part and denying in part Excite Medical Corp. and Saleem Musallam's Motion to Prohibit Plaintiff from Interfering with Appellate Jurisdiction. (<u>See</u> Doc. # 480).

Specifically, Excite Medical Corp. and Saleem Musallam argue that:

> Saleem Musallam provides financial support for his mother and older brother who is mentally impaired. With his bank accounts garnished, [Saleem] Musallam cannot assist in fulfilling the financial needs of his mother and brother.
>
> * * *
>
> The continued restraint on the funds and property of Excite Medical [Corp.] is crippling the company. Excite Medical [Corp.] already has lost two employees and is in dire financial condition. Without inventory, the company is operating under a severe strain that very well could cause further loss of employees. A timely release of its property and accounts hopefully will enable Excite Medical [Corp.] to resume some semblance of normal business affairs and forestall a complete shutdown.

(Doc. # 485 at ¶¶ 4-5, 12-14).

Therefore, Excite Medical Corp. and Saleem Musallam invite the Court to reconsider its decision to deny Excite Medical Corp. and Saleem Musallam's Motion to Prohibit Plaintiff from Interfering with Appellate Jurisdiction to the extent it requests this Court: 1) dissolve all writs of garnishment served upon Bank of America, N.A., Bank United, N.A., and Wells Fargo Bank, N.A.; (2) direct the aforementioned banks to release to Excite Medical Corp. and Saleem Musallam all funds seized from Excite Medical Corp.

and Saleem Musallam's accounts; (3) dissolve the writ of execution; and (4) direct the United States Marshal Service to return to Excite Medical Corp. all items seized from Excite Medical Corp.'s place of business.

In its response, Axiom Worldwide, Inc. submits that "[t]he Court has made it clear that [the] forum for such reconsideration rests with the Eleventh Circuit Court of Appeals and is beyond the District Court's current jurisdiction." (Doc. # 488 at ¶¶ 1, 11, 15). Furthermore, Axiom Worldwide, Inc. contends that if Excite Medical Corp. and Saleem Musallam are attempting to claim an exemption from garnishment, a motion for reconsideration is not the appropriate forum to do so; Excite Medical Corp. and Saleem Musallam may assert such claim of exemption in compliance with the relevant Florida Statutes. (Id. at ¶¶ 4, 9, 13).

In the case of the present Motion, the Court finds that Excite Medical Corp. and Saleem Musallam have failed to meet their burden of demonstrating the grounds necessary to allow this Court to reconsider its Order granting in part and denying in part Excite Medial Corp. and Saleem Musallam's Motion to Prohibit Plaintiff from Interfering with Appellate Jurisdiction. (See Doc. # 480). Excite Medical Corp. and Saleem Musallam do not assert that there has been an

intervening change in the law and present no new evidence. In addition, Excite Medical and Saleem Musallam fail to demonstrate that reconsideration is necessary to prevent manifest injustice or clear error. Instead, Excite Medical and Saleem Musallam attempt to demonstrate "the devastating effect" and negative financial impact the writs of garnishment and execution have had and will continue to have on Excite Medical Corp. and Saleem Musallam if they are not dissolved and the property and funds are not returned. (See Doc. # 485).

The Court stands behind its February 18, 2014, Order. (See Doc. # 480). This Court gave careful consideration to Excite Medical Corp. and Saleem Musallam's Motion to Prohibit Plaintiff from Interfering with Appellate Jurisdiction and held, as it does today, that "between December 10, 2013, and January 31, 2014, it once again had jurisdiction over this action because no appeal was pending at that time, and therefore, the Court's issuance of the three relevant writs of garnishment was proper under the circumstances." (Id. at 8). Excite Medical Corp. and Saleem Musallam are merely using the present Motion as a vehicle to relitigate issues that have already been ruled upon by this Court. Thus, Excite

6

Medical Corp. and Saleem Musallam's present Motion for Reconsideration is due to be denied.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendants Excite Medical Corp. and Saleem Musallam's Motion for Reconsideration of the Court's Order granting in part and denying in part Defendants' Motion to Prohibit Plaintiff from Interfering with Appellate Jurisdiction (Doc. # 485) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 26th day of February, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel of Record