**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**AXIOM WORLDWIDE, INC.,**

      **Plaintiff,**

**v.**                                          **Case No. 8:11-cv-1468-T-33TBM**

**HTRD GROUP HONG KONG LIMITED, et al.,**

      **Defendants.**

                                                      /

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on referral for a Report and Recommendation on **Defendant Excite Medical Corp.'s Verified Motion for Order to Show Cause Why [Plaintiff] Axiom Worldwide, Inc. Should Not be Held in Contempt for Violation of the Court's Order on Confidentiality** (Doc. 729) and Plaintiff's response (Doc. 730). For the reasons set out below, the motion for order to show cause should be **denied.**

**I.**

By its verified motion (Doc. 729), Defendant Excite Medical Corp. ("Excite") asks the Court to issue an order to show cause why Axiom Worldwide, Inc. ("Axiom"), and its principal James J. Gibson ("Gibson") should not be held in contempt for violating the Court's Confidentiality Order (Doc. 108), which bars use and dissemination of the parties' business

information.¹ It claims that on March 27, 2013, during discovery, Excite produced its customer and vendor lists, within its QuickBooks files and otherwise.² Now, it claims Axiom and Gibson have used or caused this information to be used on a website www.excitemedicaltruth.com and through the use of third-party mass emailing to customers and vendors. While Excite admits that the information published on the website and in the emails is purportedly derived from public records and is not independently actionable, it asserts the use of the customer and vendor lists to distribute the emails shows a violation of the Confidentiality Order. Moreover, it urges that the metadata available on the website reveals that James J. Gibson is responsible because his initials "JJG" appear on PDF documents available at www.excitemedicaltruth.com.³

Axiom submits a brief response denying that it used confidential material and

---

¹On October 30, 2012, this Court adopted the parties' Stipulated Confidentiality Agreement and Order. (Doc. 108). The Confidentiality Agreement provided, in pertinent part:
> The parties agree that all documents produced by any party in this matter, whether or not marked 'CONFIDENTIAL' whether voluntarily or in response to discovery request or subpoena, are for use only for purposes of this litigation and are not to be used or disseminated for any other purpose.

(Doc. 108-1 at 1).

²It notes that non-party Excite Medical of Tampa Bay, LLC, has also produced its customer and vendor lists, ostensibly under the protections of the Confidentiality Order.

³In support, Excite has filed the GoDaddy website registration (Doc. 729-1); an email from excitemedicaltruth@hotmail.com to Dr. Brett Van Norman regarding the www.excitemedicaltruth.com website (Doc. 729-2); an email exchange between counsel (Doc. 729-3); and documents from www.excitemedicaltruth.com with their metadata tags showing "AArsenault" (the undersigned's law clerk) and "JJG" as "Authors" (Docs. 729-4 and 729-5). Defendant asserts that the registrant of the website was "obviously misrepresented" as the registered address and telephone number are for a Walgreen's pharmacy.

claiming that the motion is just a red herring to deflect attention away from Excite's own misdeeds. (Doc. 730). In support, it submits an affidavit from James Gibson, along with exhibits (Docs. 730-1 - 730-5), denying that Axiom, Integrity Life Science, nor he personally used any confidential information in violation of the Confidentiality Order. He claims that the alleged confidential customer emails or lists have never been provided in discovery, but rather were placed in the public record by Musallam himself via his declaration to the Court (Docs. 391-1 - 391-3). Gibson asserts that Excite has no evidence to support that he emailed Excite's customers and the metadata of the documents proves nothing. In fact, he claims that www.excitemedicaltruth.com contains information that was previously unknown to him. Given Excite and Musallam's history of manipulating data and submitting inaccurate information to the Court, he claims such cannot be relied upon. He points out that a website slandering him – www.gibsontruth.com – was also published in the last thirty days, but was taken down just one day after the instant motion was filed, which he submits is because Mr. Musallam realized that such would lead back to him.

## II.

"[C]ivil contempt proceeding[s are] brought to enforce a court order that requires [a party] to act in some defined manner." *Chairs v. Burgess*, 143 F.3d 1432, 1436 (11th Cir. 1998) (quoting *Mercer v. Mitchell*, 908 F.2d 763, 768 (11th Cir. 1990)). "A finding of civil contempt – willful disregard of the authority of the court – must be supported by clear and convincing evidence." *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1296 (11th Cir. 2002) (citing *McGregor v. Chierico*, 206 F.3d 1378, 1383 (11th Cir. 2000)). "The clear and convincing evidence must establish that: (1) the allegedly violated order was valid and lawful;

(2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order." *Id.* (citations omitted). The focus of a court's inquiry in civil contempt proceedings is not the subjective intent of the alleged contemnors; rather, it is whether their conduct objectively complied with the terms of the order. *Howard Johnson Co. v. Khimani*, 892 F.2d 1512, 1516 (11th Cir. 1990).

The movant's motion should cite "the provision(s) of the [order] he wishes to be enforced, allege[ ] that the defendant has not complied with such provision(s), and ask[ ] the court, on the basis of his representation, to order the defendant to show cause why he should not be adjudged in contempt and sanctioned." *See Wyatt ex rel. Rawlins v. Rogers,* 92 F.3d 1074, 1078 n. 8 (11th Cir. 1996). "If satisfied that the [ ] motion states a case of non-compliance, the court orders the [alleged contemnor] to show cause why he should not be held in contempt and schedules a hearing for that purpose." *Reynolds v. Roberts,* 207 F.3d 1288, 1298 (11th Cir. 2000). The court may instruct a response to be filed, and "depending on what the [alleged contemnor] says in his response, a hearing may be unnecessary." *Id.* at n. 19.

At the show cause hearing, the movant bears the initial burden to "establish by clear and convincing evidence that the alleged contemnor[s] violated the court's earlier order." *United States v. Roberts*, 858 F.2d 698, 700-01 (11th Cir. 1988) (citing *Northside Realty Assocs. v. United States*, 605 F.2d 1348, 1352 (5th Cir. 1979)). "Once this prima facie showing of a violation is made, the burden then shifts to the alleged contemnor to produce evidence explaining his noncompliance at a show cause hearing." *Chairs,* 143 F.3d at 1436 (internal quotation marks omitted); *Mercer*, 908 F.2d at 768. The alleged contemnors may

defend on grounds that they did not violate the court order or that they violated the court order but should be excused from complying because they were unable to comply. *Commodity Futures Trading Com'n v. Wellington Precious Metals, Inc.*, 950 F.2d 1525, 1529 (11th Cir. 1992); *Mercer*, 908 F.2d at 768.

### III.

On this motion, the Court finds the allegations and proffered matters inadequate to warrant an order to show cause directed to Axiom or Mr. Gibson. By Defendant's proffer and argument, an unidentified individual or entity has registered the site www.excitemedicaltruth.com. (Doc. 729 at ¶ 4). It asserts that the registrant of the site was intentionally misidentified and its creator undisclosed. (*Id.* at ¶ 5). The site's content appears to be derived from the public records and does not appear independently actionable. (*Id.* at ¶ 4). The site has been promoted and distributed "en masse" to Excite's customers and vendors using confidential email addresses previously produced in discovery. (*Id.*). It identifies seven third-party customers and/or vendors who have received the emails. (*Id.* at ¶ 7). Although Mr. Gibson has denied knowledge of the site or emails, Defendant discredits the denial, asserting that Gibson's initials "JJG" clearly identify him as the author of documents in the metadata available on the website. (*Id.* at ¶¶ 8-9). Piecing these "facts" together, Excite asks the Court to conclude that Axiom and Mr. Gibson must have used the previously produced customer and vendor lists, which remain confidential, to distribute offensive emails in violation of the Confidentiality Order and that contempt is warranted. This conclusion requires too far a reach by the Court.

On this record, I am not satisfied that Defendant makes the prima facie showing of

5

violation of the Confidentiality Order necessary to prompt a show cause hearing. Rather, Defendant relies on supposition and conjecture in an attempt to link the emails to Axiom and/or Mr. Gibson. By its counsel's own admission, as set out in an email to opposing counsel the day before the instant motion was filed: "I currently see no patent indication of [Mr. Gibson's] name or identifying information." (Doc. 729-3 at 1). The Court can only assume that counsel later discovered the metadata tags embedded in the website documents and concluded that "JJG" must be Mr. Gibson and that he was responsible for both the creation of the website and the distribution of the emails. The allegations and proffered evidence do not engender such a conclusion. Defendant has presented no basis – other than the JJG initials in the metadata on the website[4] – to link Axiom or Mr. Gibson to the distribution of the emails, let alone any basis to support a conclusion that confidential discovery information was employed for the dissemination of the emails.

     This is particularly true in light of Plaintiff's response and affidavit. Mr. Gibson, as a preliminary matter, flatly denies any involvement with the website or emails. He maintains that Excite has never produced a customer or vendor list, but has only produced QuickBooks records containing no email addresses for the individuals identified by Defendant. Moreover, as Mr. Gibson correctly points out, at least one version of Excite's allegedly confidential customer or vendor list(s) was placed in the public record by Mr. Musallam himself via his post-injunction declaration to the Court (Docs. 391-1 - 391-3). By his declaration, Mr. Musallam asserts, "I have sent an email to everyone notified previously of the courts ruling

---

[4]As Defendant notes, the metadata on the website also reflects creation by the undersigned's law clerk, "AArsenault," as the document was gleaned from the public judicial records of this court.

that the proprietary information belonging to [Axiom] has been returned and is no longer the property of HTRD. A copy of the email is attached as Exhibit C to this affidavit. In addition a list of the 1285 contacts has been attached as Exhibit D." (Doc. 391-1 at ¶ 5).[5]

While the origin of the email addresses for each of the seven individuals identified in the motion remains unclear, Defendant simply does not present an adequate or convincing factual basis to support the conclusions that such were derived from confidential records, that Mr. Gibson or Axiom are the source of the website, or that they used confidential materials to effect the emails. On this proffer, I find that a show cause order and hearing is unnecessary in the circumstances and the motion should be denied.

**IV.**

Accordingly, upon due and thorough consideration and for the reasons set forth above, it is **RECOMMENDED** that **Defendant Excite Medical Corp.'s Verified Motion for Order to Show Cause Why [Plaintiff] Axiom Worldwide, Inc. Should Not be Held in Contempt for Violation of the Court's Order on Confidentiality** (Doc. 729) be **DENIED**.

Respectfully submitted this
19th day of November 2015.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

---

[5]The Court does note, however, that only one of the individuals alleged to have received the www.excitemedicaltruth.com email appears on this list. (Doc. 391-3 at 16). Upon review, the remaining six customers and vendors that Defendant identifies in its motion do not appear on the list.

7

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge.  A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen days after issuance of the Report and Recommendation containing the finding or conclusion.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6.

Copies furnished to:
The Honorable Virginia M. Hernandez Covington, United States District Judge
Counsel of Record
Any *pro se* parties