**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

AXIOM WORLDWIDE, INC.,

                **Plaintiff,**

v.                                         **Case No. 8:11-cv-1468-T-33TBM**

HTRD GROUP HONG KONG LIMITED, et al.,

                **Defendants.**

_____/

## REPORT AND RECOMMENDATION

        THIS MATTER is before the Court on referral for a Report and Recommendation on **Plaintiff Axiom Worldwide's Motion for Preliminary Injunction to Freeze Assets of Defendant Musallam, Excite Medical of Tampa Bay, LLC, Eltech USA, and its Principal Mr. Ilya Marder, and Eltech Capital, LLC** (Doc. 738), Defendants Excite Medical Corp, Saleem Musallam, and Eltech USA, LLC's joint response (Doc. 747). For the reasons set out below, the motion should be **denied**.

### I.

        By its motion (Doc. 738), Axiom seeks a post-judgment preliminary injunction and the freezing of assets of Defendants Saleem Musallam and Eltech USA, LLC, as well as non-parties Excite Medical of Tampa Bay, LLC, Eltech Capital, LLC, and Ilya Marder. It argues that these individuals and entities are committing illegal operations in violation of the permanent injunction (also referred to herein as the "Judgment") (Doc. 366), are secreting assets, and hindering and defeating Axiom's collections activities. More particularly, it

requests an order requiring: (1) the return of moneys drawn from Excite Medical Corp. or Excite Medical of Tampa Bay LLC by Mr. Musallam or those acting in concert with them since August 1, 2013, the date of the permanent injunction entered in this case; (2) the return of moneys drawn from Eltech USA, LLC or Eltech Capital, LLC by Mr. Marder or those acting in concert with them since the date of the permanent injunction; (3) the freezing of their assets, including bank accounts, all real and personal property, and all DRX equipment and parts to protect any judgment or court awards at risk in the case; (4) that their expenditures be limited to basic living expenses; and (5) the appointment of a receiver for each to marshal and manage all assets of these parties and provide an accounting to the Court.

With regard to Mr. Musallam and Excite Medical of Tampa Bay, LLC, Axiom asserts that Mr. Musallam has repeatedly lied under oath and continues to operate his business affairs in violation of the permanent injunction through his new entity Excite Medical of Tampa Bay, LLC.  Moreover, it claims all the assets of Defendant Excite Medical Corp. have been transferred to Excite Medical of Tampa Bay, LLC, its alter ego, in order to avoid the Judgment.[1]  Given this history, Axiom urges that there is a high risk that, absent a preliminary injunction, the assets will again be transferred away and there is no otherwise adequate remedy at law to protect against this harm.

As to Mr. Marder and Eltech Capital, LLC, Axiom makes similar accusations that Mr. Marder has repeatedly lied under oath and operated his affairs in violation of the permanent injunction.  Moreover, it claims that Mr. Marder has also established an alter ego

---

[1]Axiom advises that Defendant Excite Medical Corp. now has no assets and is seeking liquidation ("of nothing") in the Bankruptcy Court under Chapter 11.

2

company, Eltech Capital, LLC, to avoid the underlying Judgment.  Axiom again urges that in the absence of a preliminary injunction there is a high risk that their assets will be transferred.

Axiom argues that the prior findings of this Court and of the Eleventh Circuit satisfy the requirements for entry of a preliminary injunction, apart from that requiring a showing of irreparable harm.  As for irreparable harm, it urges that such is presumed in actions for intellectual property infringement such as this, and, in any event, Messrs. Musallam and Marder have demonstrated through corporate restructuring and the transfer of assets their ability to secrete assets such that the Court should not assume that adequate compensatory relief will be available in the future.  (Doc. 738).

Defendants Excite Medical Corp., Mr. Musallam, and Eltech USA, LLC, have filed a joint response in opposition.  In short, these Defendants argue that Axiom's request for a preliminary injunction and an asset freeze should be denied because Axiom fails to make the requisite showing for such extraordinary relief.  Defendants urge that Axiom's pleading actually seeks post-judgment attachment and receivership under Fed. R. Civ. P. 64 and/or 66, not a preliminary injunction, and Axiom does not meet the requirements for such relief under the applicable Florida Statutes.  Moreover, Axiom is enjoined from executing on the Judgment as against Excite Medical Corp. and Mr. Musallam by virtue of an order of the Bankruptcy Court; Axiom has failed to identify the assets is seeks to "freeze;" it cannot seek a de facto writ of attachment or a receivership without complying with the requirements of Fla. Stat. Ch. 76 or Ch. 56, respectively; attachment or receivership are unavailable against non-parties without first impleading them; and Axiom cannot show irreparable harm necessary to

support an injunction as it has not engaged in substantive operations for over a half a decade. (Doc. 747).

## II.

### A.

Rule 65 of the Federal Rules of Civil Procedure governs the entry of a preliminary injunction. The purpose of a preliminary injunction is to maintain the *status quo* until the court can enter a final decision on the merits of the case. *Bloedorn v. Grube*, 631 F.3d 1218, 1229 (11th Cir. 2011). A party seeking entry of a preliminary injunction must establish: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury to the moving party outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. *Forsyth Cnty. v. U.S. Army Corps of Eng'rs*, 633 F.3d 1032, 1039 (11th Cir. 2011) (internal quotations omitted). A "preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly carries the burden of persuasion as to the four prerequisites." *United States v. Jefferson Cnty.*, 720 F.2d 1511, 1519 (11th Cir. 1983) (internal quotation omitted).

Further, Local Rule 4.06(b)(1) provides that a party applying for a preliminary injunction must support the allegations by specific facts shown in a verified complaint or accompanying affidavits. M.D. Fla. R. 4.06(b)(1).

### B.

Although Axiom has not cited any case in the Eleventh Circuit approving the use of a post-judgment preliminary injunction, the remedy nonetheless appears available in

4

appropriate circumstances.  In a recent opinion, the Eleventh Circuit affirmed the denial of

post-judgment injunctive relief in a trademark case, where the district court found that a

finding of contempt "sufficiently compels the parties to cure any ongoing violations of the

Consent Judgment without the need of further injunctions."  *Blanco GmbH±Co. KG v. Vlanco*

*Indus., LLC*, 992 F. Supp. 2d 1225, 1253 (S.D. Fla. 2014), on reconsideration in part (May 21,

2014), aff'd sub nom. *Blanco GmbH %8F Co. KG v. Laera*, No. 14-11814, 2015 WL

4289885 (11th Cir. July 16, 2015) cert. denied sub nom. *Laera v. Blanco GmbH ± Co. KG*,

No. 15-383, 2015 WL 5735206 (U.S. Nov. 2, 2015).  Neither the district court nor the Circuit

Court suggested the impropriety of post-judgment injunctive relief in general.[2]

Moreover, it is clear that in appropriate circumstances, a district court may impose a

preliminary injunction with an asset freeze of specific property in the *prejudgment* setting.

*See Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 987 (11th Cir. 1995)

(noting that "[a] request for equitable relief invokes the district court's inherent equitable

powers to order preliminary relief, including an asset freeze, in order to assure the availability

of permanent relief.") (citing *FTC v. U.S. Oil & Gas Corp.*, 748 F.2d 1431, 1433-34 (11th

Cir. 1984)); *but see Rosen v. Cascade Int'l, Inc*., 21 F.3d 1520, 1530 (11th Cir. 1994)

---

[2]At least one district court, however, has found that post-judgment injunctive relief is
not available.  *See Papadopoulis v. Sidi*, 547 F. Supp. 2d 1262 (S.D. Fla. 2008) (finding that,
pursuant to Federal Rule 69 and Florida law, post-judgment injunctive relief is not authorized;
rather, judgment debtors are limited to the specific remedies provided in the Florida Statutes
on execution, attachment, and garnishment); *but see Great Am. Farms v. Proyecto 7 S.A.*, 33
F. App'x 991 (Table) (11th Cir. 2002) (affirming, without opinion, the imposition of a
preliminary injunction in post-judgment proceedings supplementary against non-parties); and
*Tabet v. Tabet*, 644 So. 2d 557 (Fla. Dist. Ct. App. 1994) (ordering that a temporary
injunction be reinstated against the wife where the husband had a final money judgment and
alleged that the wife had already made transfers of assets in an attempt to avoid execution).

("preliminary injunctive relief freezing a defendant's assets in order to establish a fund with which to satisfy a potential judgment for money damages is simply not an appropriate exercise of a district court's authority").  I see no basis to conclude that a district court has any less equitable power to order injunctive relief in the post-judgment setting, including an asset freeze, so long as such satisfies procedural and substantive rules for the same.[3]

## III.

Upon review and consideration, the motion for preliminary injunction is appropriately denied.  In short, neither Axiom's unverified and conclusory allegations, nor its cited authority, demonstrate that the relief sought is warranted.

As an initial matter, Plaintiff's motion does not comply with Local Rule 4.06(b)(1) in that the motion is not verified, nor are sworn affidavits submitted in support of the motion. On this basis alone, a hearing is unwarranted and the motion for preliminary injunction should be denied.

Even assuming *arguendo* that Axiom's pleading is adequate and that post-judgment preliminary injunction and asset freeze are appropriate remedies in these circumstances,

---

[3]Additionally, other jurisdictions have approved the imposition of a preliminary injunction in the *post-judgment* stage. *See, e.g., West Hills Farms, LLC v. ClassicStar, LLC*, 2013 WL 4515046, at *1 (E.D. Ky. Aug. 23, 2013) ("[T]he Court concludes that it has authority to issue any necessary injunctive relief 'in aid of its jurisdiction' [over defendants who may waste, dissipate, or secret assets.]") (citing *Meyers v. Moody*, 723 F.2d 388 (5th Cir. 1984) (approving use of post-judgment preliminary injunction to freeze assets where "waste, dissipation, or transfer of assets by [judgment debtor had] a direct impact on appellee's potential ultimate recovery")); *Gambone v. Lite Rock Drywall*, 288 F. App'x 9, 12 (3rd Cir. 2009) (affirming post-judgment preliminary injunction in proceedings supplementary, explaining "so long as the plaintiffs' demand for injunctive relief qualifies as a post-judgment enforcement proceeding, which is a proceeding that functions as a means for executing a judgement, the District Court has subject matter jurisdiction.").

Plaintiff's attempt to obtain such relief on broad, unsupported, and conclusory allegations falls woefully short.

## A.

First, as to Defendants Excite Medical Corp. and Mr. Musallam, Axiom is barred under the automatic stay provisions of the Bankruptcy Code as well as the extant orders of the Bankruptcy Court from executing on the Judgment as against Excite Medical Corp. and Mr. Musallam's ownership interests in the company. (*See* Doc. 642-1).

To the extent that Axiom seeks to enjoin and freeze assets of Mr. Musallam, apart from his ownership interest in Excite Medical Corp., the motion misses the mark. Axiom's unverified, conclusory, and unsupported allegations cannot form the basis of an injunction against Mr. Musallam to secure the Judgment against him.[4] This Court has yet to reach the contention that Mr. Musallam and his new company Excite Medical of Tampa Bay, LLC, currently operate in violation of the Judgment and, in any event, there is no competent showing that Mr. Musallam has improperly disbursed the assets of Defendant Excite Medical Corp. to either himself or others or that he is likely to do so in a manner necessitating a preliminary injunction.

As to non-party, Excite Medical of Tampa Bay, LLC, Axiom fails to make any adequate showing, factually or legally, that the relief it here seeks is justified or authorized by

---

[4]While Mr. Musallam may well have avoided Axiom's collection efforts to date, that alone is no cause for granting an injunction or for the freezing of his assets and appointing a receiver over his affairs. Axiom is not barred by the automatic stay of bankruptcy to seek to collect upon its Judgment as against Mr. Musallam, individually. As such, it may utilize means of execution authorized by law and should be required to pursue such lawful remedies before seeking the drastic equitable relief here sought.

law.  As noted above, the Court has yet to reach the contention that non-party Excite Medical

of Tampa Bay, LLC, operates in violation of the Judgment.  And, although Axiom here makes

conclusory allegations that Excite Medical of Tampa Bay, LLC, is the alter-ego of Defendant

Excite Medical Corp., the allegations of such and that there have been improper transfers

between the Defendants and this non-party are unsupported by any competent showing.  Nor

has Axiom presented any legal authority to allow for a receivership or the freezing of assets

of this non-party.

Moreover, insofar as Axiom urges the improper transfer of assets to Excite Medical

of Tampa Bay, LLC, by Excite Medical Corp., it appears the case that any alleged illegal

transfer of assets as well as the recovery of such assets would more appropriately handled by

the trustee in bankruptcy.  *See* 11 U.S.C. §§ 362, 548, and 549; *see also In re Saunders*, 101

B.R. 303, 306 (Bankr. N.D. Fla. 1989) ("an action or the employment of process to recover a

fraudulent transfer is an 'action to recover a claim against the debtor that arose before the

commencement of the case ...,' and is subject to the stay under § 362(a)(1)").  Indeed, Axiom

has previously been sanctioned by the Bankruptcy Court for violating the automatic stay after

it filed in the instant case a Motion for Proceedings Supplementary (Doc. 631) to implead

Excite Medical of Tampa Bay, LLC, and others, as a means to execute on the Judgment.  *See*

*In re Excite Medical Corp.*, Case No. 8:14-bk-9906-MGW, United States Bankruptcy Court,

Middle District of Florida, Docs. 114, 123.  Axiom's current attempt to force the return of

assets by this non-party or to freeze the assets of this non-party thus is arguably a similar

attempt to make an end-run around the automatic stay that the Bankruptcy Court has

previously condemned.

8

**B.**

Regarding Eltech USA, LLC, Eltech Capital, LLC, and Mr. Marder, the motion is similarly flawed.

While Axiom seeks injunctive relief and an asset freeze as against Defendant Eltech USA, LLC, to secure its Judgment, Axiom does not have a monetary judgment against Eltech USA, LLC.  (*See* Docs. 349, 366 at 1).  Moreover, Axiom fails to explain why an additional injunction or an asset freeze against Eltech USA, LLC, would assist in any way in enforcing the non-monetary judgment it holds against this Defendant or why such is necessary to secure some unspecified future award it might receive.

Furthermore, as to non-parties, Eltech Capital, LLC, and Mr. Marder, once again Axiom fails to make any adequate showing, factually or legally, that an injunction, asset freeze, or receivership is justified or authorized by law.  Axiom makes conclusory allegations of improper transfers and that Eltech Capital, LLC, is the alter-ego of Defendant Eltech USA, LLC, but such allegations are unsupported.  Moreover, it does not demonstrate that any alleged asset transfer from Eltech USA, LLC, to Mr. Marder, Eltech Capital, LLC, or others in and of itself was improper or violates the permanent injunction.  There appears no basis on this motion for a claim that Mr. Marder or the Eltech Capital, LLC. are improperly secreting assets to hinder or avoid the Judgment nor any basis to support that their assets should be put at jeopardy.  Nor does Axiom demonstrate a basis in fact or law for the imposition of an

injunction and asset freeze to secure some potential future monetary award as against these non-parties.[5]

## C.

I also conclude that Axiom fails to make a competent showing of irreparable harm on this motion, such that a preliminary injunction is necessary.  In short, Axiom does not demonstrate an imminent threat to its ability to enforce its Judgment against Mr. Musallam, Eltech USA, LLC, or the non-parties, upon a proper showing and consistent with prescribed procedures.  Nor does it show by competent or convincing evidence that its legal remedies are or have been rendered inadequate as against the Mr. Musallam, Eltech USA, LLC, or the non-parties.  Moreover, the harms that would befall the non-parties in particular, should the requested relief be granted, in this case are considerable and wholly unjustified by the Plaintiff's presentation on this motion.  In such circumstances, the imposition of an injunction with an asset freeze would disserve the public interest.

## D.

Finally, as urged by Defendants, to the extent that Axiom actually seeks post-judgment execution by way of receivership, attachment, or garnishment, Axiom does not satisfy the requirements for such relief under Florida statutes.  Chapter 56 of the Florida Statutes sets forth the general procedures for execution, including appointment of receivers

---

[5]I do note, however, that also pending before the Court is Axiom's Global Motion for Order to Show Cause for Contempt of Court and Motion to Refer Certain Parties to the U.S. Attorney's Offices for Criminal Prosecution (Doc. 736), in which Axiom seeks to hold, among others, Excite Medical Corp., Mr. Musallam, Excite Medical of Tampa Bay, LLC, Eltech USA, LLC, Eltech Capital, LLC, and Mr. Marder in contempt for ongoing violations of the Court's Orders.  Any alleged violation of the current permanent injunction or other order of the court – and the appropriate remedies therefor – will be addressed on that motion.

against corporations, while Chapter 76 deals with attachment and Chapter 77 deals with garnishment.  Each of these chapters provides for certain procedures and safeguards.  For example, attachment of property or garnishment must be effected by writ and the judgment debtor must comply with strict procedures, such as verification, notice, and allowance for claims of exemption.  *See e.g.*, §76.08, Fla. Stat.(requiring motion for writ of attachment to be verified); § 77.041, Fla. Stat.(requiring notice to defendant of garnishment and right to claim exemption.).  To the extent the motion seeks appointment of receivers over Messrs. Musallam and Marder, § 56.10, Fla. Stat. provides only that a receiver may be appointed for a corporation in certain circumstances.  It does not appear to provide a mechanism for appointing a receiver for an individual.  In sum, Axiom's current pleading is simply inadequate to satisfy the requirements for attachment, garnishment, or receivership consistent with Florida law.

## IV.

Accordingly, for the reasons set out above, it is **RECOMMENDED** that **Plaintiff Axiom Worldwide's Motion for Preliminary Injunction to Freeze Assets of Defendant Musallam, Excite Medical of Tampa Bay, LLC, ElTech USA, and its Principal Mr. Ilya Marder, and ElTech Capital, LLC** (Doc. 738) be **DENIED**.

Respectfully submitted this
8th day of December 2015.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

11

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge.  A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen days after issuance of the Report and Recommendation containing the finding or conclusion.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6.

Copies furnished to:
The Honorable Virginia M. Hernandez Covington, United States District Judge
Counsel of Record